The question presented on this appeal is whether the purchaser of a motel, who suffered three straight years of losses, proved that those losses resulted from an alleged misrepresentation made by the seller of the motel, or were caused by other factors, and therefore, so speculative that a jury should not be permitted to consider making an award of damages based on the evidence. The trial judge granted the seller's motion for a directed verdict. We affirm.
The record shows that the plaintiff, Patel, was interested in buying a motel in Gadsden, Alabama. He contacted a broker with Dellinger Realty in Gadsden, which had listed the Forest Inn Motel for sale. Prior to his purchase of the motel from Hanna, Patel reviewed daily receipts of the motel and obtained from Hanna handwritten notes of monthly income figures for the years 1981 and 1982. Patel, at trial, estimated that he visited the motel property 10 to 15 times before the purchase. During his visits to the motel he talked with motel employees concerning the policies, procedures, and occupancy rates of the business.
On April 20, 1983, Patel purchased the motel for $166,988.00. The sales contract provided that Patel would pay $23,655.00 cash at closing; assume a first mortgage of approximately $60,000.00; assume a mobile home mortgage of approximately $7,278.00; and secure the balance of the sales price by executing a purchase money mortgage in the sum of approximately $75,733.00, to be paid to Hanna in monthly increments of $730.82.
At the time Patel purchased the motel, he was employed at Packer-Hennefin, Inc., in Jacksonville, Alabama, as a senior products engineer. During the first three years of operation, Patel maintained his position as a full-time engineer, and his wife, a native of India, supervised the motel business. In fact, the record shows that Patel bought the motel so that his wife, who was having difficulty finding employment, would have something to do during the daytime.
For the first three years after Patel's purchase, while he worked full time as an engineer, the motel's income did not match that which Hanna had experienced in 1981 and 1982. In 1983, the motel had expenses of $23,903.00 and income of $19,145.00, a loss of $4,758.00. In 1984, the motel had expenses of $35,225 and income of $29,891.00, a loss of $5,334.00. In 1985, the motel had expenses of $33,116.00 and income of $28,184.00, a loss of $4,932.00. In 1986, Patel left his engineering position because of a communication problem with his supervisors, and assumed personal responsibility for managing the motel, and that year the motel had expenses of $23,997.00 *Page 1360 
and income of $32,971.00, a profit of $8,974.00.
In August 1985, Patel called Hanna and asked her to repurchase Forest Inn, so that he could move to Ohio. Hanna indicated her willingness to repurchase the motel, but the repurchase never materialized. During these negotiations, Patel never accused Hanna of defrauding him. He first asserted that claim when he sued her on May 2, 1986.
In his suit he alleged that Hanna recklessly misrepresented her gross income from the motel for the two years before the sale. He sought rescission of the sales agreement, along with $250,000 in compensatory damages and $500,000 in punitive damages. Patel also claimed that Hanna misrepresented to him the boundary lines of the motel property.
Patel contends on appeal that even if the trial court was correct in holding that no damages had been proven, the court should have instructed the jury that it could award nominal damages and, if justified, punitive damages. We disagree.
The issue presented is whether Patel showed that he suffered any damage as a proximate result of any alleged misrepresentation by Hanna.
The law of damages relevant to this issue is summarized by C. Gamble and D. Corley, Alabama Law of Damages, § 36-32 (1982): "The aggrieved party must have suffered some injury or damages before being entitled to relief, and cases [involving fraud] seem to place more emphasis than usual on this requirement." This Court has written, "Indeed, actual damage is an essential element of a fraud cause of action."Alabama Farm Bur. Mut. Cas. Ins. Co. v. Brewton,517 So.2d 599 (Ala. 1987).
A cause of action for fraud and misrepresentation is authorized by Code 1975, § 6-5-100 et seq. To find a cause of action under § 6-5-100, a court must find the following elements:
 " '(a) [A] false representation [usually] concerning an existing material fact, . . .;
 " '(b) representation which (1) the defendant knew was false when made, or (2) was made recklessly and without regard to its truth or falsity, or (3) was made by telling plaintiff that defendant had knowledge that the representation was true while not having such knowledge [citation omitted];
 " '(c) reliance by the plaintiff on the representation and that he was deceived by it [citation omitted];
 " '(d) reliance which was justified under the circumstances [citation omitted];
 " '(e) damage to the plaintiff proximately resulting from his reliance [citation omitted].' "
Army Aviation Center Fed. Credit Union v. Poston,460 So.2d 139, 142-43 (Ala. 1984), quoting First VirginiaBankshares v. Benson, 559 F.2d 1307, 1313 (5th Cir. 1977).
It is fundamental law that the burden of proof, in the first instance, rests upon the plaintiff to prove each of the foregoing elements. If a plaintiff fails to carry this burden with regard to any of those elements, a recovery cannot be had.
 ". . . ' "[F]raud, without damage, or damage, without fraud, gives no cause of action; but, where these two do occur, there an action lieth. [Citations omitted.]
 ". . . ' "Deceit and injury must concur. . . . Damage is of the essence of the action of deceit; an essential element to the right of action, and not merely a consequence flowing from it." ' "
Pihakis v. Cottrell, 286 Ala. 579, 243 So.2d 685
(1971), quoting Lacey v. Edmunds Motor Co., 269 Ala. 398,402, 113 So.2d 507, 510 (1959).
In the case of Ringer v. First National Bank ofStevenson, 291 Ala. 364, 369, 281 So.2d 261 (1973), this Court wrote: "It is well settled that damage is an essential element of an action for fraud and deceit." It has also been held that "in the absence of proof of damage, plaintiff cannot recover even nominal damages."Monteleone v. Trail Pontiac, Inc., 395 So.2d 1003,1004 (Ala.Civ.App. 1980), cert. denied,395 So.2d 1005 (Ala. 1981). (Emphasis added.)
Was there a scintilla of evidence presented that Patel suffered any damage? *Page 1361 
Judge Stewart, in explaining to the jury his rationale for directing the verdict, answered this question in the negative:
 "How was [Patel] damaged? In this case, certainly, from the years 1983, '84 and '85 there were less profits. As a matter of fact, those were losses in '83, '84 and '85. And certainly, there is evidence here of money paid by Mr. Patel when he purchased the business. However, ladies and gentlemen, there has been no testimony by anybody that the value of the business was less than what Mr. Patel paid for it, which was $166,988. It is true that there were lost profits or losses in the operation, but those things are based upon variables that we would have to speculate upon; about how he ran the business, how he advertised, or didn't advertise, how people like him; and that type thing that would contribute to those differences. And the best argument for those differences is that in 1986 there was a profit. You heard the testimony that he worked at another place, and someone else ran it. Then, he worked full time, and there was a profit. What I am saying to you is that before I can submit the case to you there has to be an element of damages that's not speculative; that you wouldn't have to guess and speculate what his losses were, and what caused his losses."
In reviewing a directed verdict, this Court's function is to review the record to ascertain whether there is a scintilla of evidence that would support the claim. Davis v.Balthrop, 456 So.2d 42 (Ala. 1984). The applicable standard of review was stated in Caterpillar Tractor Co. v.Ford, 406 So.2d 854, 856 (Ala. 1981):
 "A directed verdict is proper only where there is a complete absence of proof on an issue material to the claim or where there are no disputed questions of fact on which reasonable people could differ. Deal v. Johnson, 362 So.2d 214 (Ala. 1978). In considering a motion for directed verdict, the court must apply Rule 50(e), ARCP, under which 'a question must go to the jury, if the evidence, or any reasonable inference arising therefrom, furnishes [so much as] a mere gleam, glimmer, spark, . . . or a scintilla in support of the theory of the complaint. . . .' Dixie Electric Company v. Maggio, 294 Ala. 411, 318 So.2d 274 (1975).
 "In addition, the trial court must view the entire evidence, and all reasonable inferences which a jury might have drawn therefrom, in the light most favorable to the non-moving party. Alabama Power Company v. Taylor 293 Ala. 484, 306 So.2d 236 (1975); Vintage Enterprises, Inc. v. Cash, 348 So.2d 476
(Ala. 1977). Also, this Court's function in reviewing a motion for a directed verdict is to review the tendencies of the evidence most favorably to the non-movant, regardless of a view we may have as to the weight of the evidence, and we must allow such reasonable inferences as the jury were free to draw, not inferences which we may think the more probable. Beloit Corp. v. Harrell, 339 So.2d 992 (Ala. 1976)."
We have reviewed the evidence in the record, and we conclude that the trial court did not err in granting a directed verdict in favor of Hanna, because there is not a scintilla of evidence in the record upon which the jury could reasonably find that Patel suffered any pecuniary loss. As pointed out by the trial judge, any verdict of the jury would have been based on pure speculation.
The judgment is, therefore, due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur. *Page 1362