The plaintiff, Century 21 Academy Realty, Inc. ("Century 21"), appeals from a summary judgment in favor of defendant Louis Breland,[1] in this action to recover damages for alleged intentional interference with contractual or business relations. We reverse and remand.
Initially, we note that the summary judgment for Breland in this case was proper only if there was no genuine issue of material fact and Breland was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden was on Breland to make a prima facie showing that no genuine issue of material fact existed and that he was entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to Century 21 to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against it. DuPont v. Yellow Cab Co. of Birmingham, Inc., 565 So.2d 190
(Ala. 1990). In determining whether there was a genuine issue of material fact, this Court must view the evidence in the light most favorable to Century 21 and must resolve all reasonable doubts against Breland. Because this action was not pending on June 11, 1987, the applicable standard of review is the "substantial evidence" rule. Ala. Code 1975, § 12-21-12. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
The elements of a cause of action for intentional interference with contractual or business relations are as follows: (1) the existence of a contract or business relation; (2) the defendant's knowledge of the contract or business relation; (3) intentional interference by the defendant with the contract or business relation; and (4) damage to the plaintiff as a result of the defendant's interference. Justification for the *Page 298 
interference is an affirmative defense that has to be pleaded and proved by the defendant. Caine v. American Life AssuranceCorp., 554 So.2d 962 (Ala. 1989); Gross v. Lowder Realty BetterHomes Gardens, 494 So.2d 590 (Ala. 1986). We note that in the past we have listed an absence of justification for the defendant's interference as one of the elements of the plaintiff's cause of action; however, we recognize today that it is illogical to continue to list an absence of justification as one of the elements of the plaintiff's cause of action and then to place the burden on the defendant to disprove it.
A complete recitation of the facts in this case would be of little benefit to the bench and bar. Suffice it to say that the following material facts are undisputed: Century 21 had a "Uniform Listing Contract" with Jimmy O. Roberts to sell property owned by Roberts. With knowledge of that contract, Breland, a man experienced in the real estate business, entered into a written agreement with Roberts to purchase the property. That agreement stated that Breland would purchase the property only if Roberts obtained from Century 21 a release of his contractual obligations. Roberts sold the property to Breland without obtaining the release. Century 21 did not receive the commission to which it was entitled under its contract with Roberts. Thus, the record shows that a contract existed between Century 21 and Roberts; that Breland was aware of that contract; that Breland intentionally interfered with the contract; and that Century 21 lost its sales commission as a result of Breland's interference.[2]
Breland contends that because his agreement required Roberts to obtain a release from Century 21, his interference with the contract between Century 21 and Roberts was not "improper"; he argues, instead, that his actions were "justified" under the circumstances. However, Breland failed to plead justification as an affirmative defense in his answer prior to moving for a summary judgment, and he did not move to amend his answer prior to the entry of the judgment. Century 21 called this omission to the trial court's attention before the court ruled on Breland's motion; consequently, Breland could not rely on the affirmative defense of justification and introduce evidence in support thereof. See Bechtel v. Crown Central Petroleum Corp.,451 So.2d 793 (Ala. 1984).[3]
Century 21 moved for a partial summary judgment on the question of Breland's liability and requested that a jury be allowed to determine the amount of damages. Pursuant to Rule 4(a)(1), A.R.App.P.,[4] Century 21 argues that the trial court should have granted its motion, because, it says, the only issue concerns the amount of damages to which it is entitled. The record shows, however, that Century 21 filed its motion for a summary judgment on August 16, 1989, and that the trial court denied the motion and entered a judgment for Breland on August 18, 1989. Rule 56(c), A.R.Civ.P., allows a party at least 10 days to prepare a rebuttal to a motion for a summary judgment before a judgment can be entered. Billingsley v. Gordon,340 So.2d 743 (Ala. 1976).
For the foregoing reasons, we reverse the judgment for Breland and remand the *Page 299 
case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] Breland Home Development Corporation and Breland Realty, Inc., were also named as defendants and are parties to this appeal; however, for the sake of clarity, we will refer only to Louis Breland.
[2] We note that Century 21 sought to recover both compensatory and punitive damages from Breland.
[3] We note that even if Breland had properly raised justification as a defense, he would not have been entitled to a judgment as a matter of law. Breland sought to admit evidence tending to show that he contracted with Roberts in good faith; that Roberts misrepresented to him that a release had been obtained from Century 21; and that he relied on that misrepresentation in going forward with the purchase. On the other hand, Century 21 presented evidence tending to show that Breland conspired with Roberts to improperly effectuate a sale of the property free of Roberts's contractual obligation to pay it a real estate commission. Our review of the record indicates that there would have been a dispute in the evidence as to whether Breland's actions were "justified."
[4] Rule 4(a)(1) provides, in pertinent part, that "[o]n an appeal from a judgment or order a party shall be entitled to a review of any judgment, order, or ruling of the trial court."