Melinda McGarry, the plaintiff, appeals from a summary judgment for the defendant, Donald Flournoy, in McGarry's action alleging fraud in the sale of a used automobile. The issue is whether McGarry presented substantial evidence that Flournoy fraudulently misrepresented that the car had not been wrecked.
Flournoy, who resides in Prattville, saw an advertisement in an Atlanta newspaper for the sale of a 1987 Nissan Maxima automobile. On or about March 30, 1991, he telephoned the owner, Chang Gill Yoon, and went to Atlanta with the intention of buying the automobile. Flournoy met with Yoon in a parking lot for about 20 minutes, during which time he looked under the car's hood and at the car's interior. Flournoy agreed to buy the car for $8,000, and he filled out a bill of sale on a form he had brought with him from Prattville. Flournoy wrote on the bill of sale that the car was sold "as is where is." Yoon signed the bill of sale and the "assignment of ownership" portion of the certificate of title. Flournoy did not put his name in the space on the bill of sale for the buyer's name or in the blank for the name of the assignee of the certificate of title.
Flournoy testified in deposition that, on his drive from Atlanta back to Prattville, he decided that the car would not meet his needs. He therefore advertised the car for sale in Prattville. On or about April 4, 1991, McGarry saw the ad and telephoned Flournoy. The next day the two met, so that McGarry could inspect and test drive the vehicle. She drove the car for about 20 minutes and, she testified in her deposition, was impressed with it.
The next day, a Saturday, McGarry telephoned Flournoy about the car again. He brought the car to her house so she could drive and inspect it a second time. She asked him whether the car had ever been wrecked, to which he responded, "Not to my knowledge." McGarry agreed to buy the car. Flournoy gave her the bill of sale signed by Yoon in Atlanta and completed both it and the assignment of the certificate of title in McGarry's name. McGarry testified that she wanted the car inspected by a mechanic:
 "Q. And did you tell him that you wanted the car checked out?
"A. Yes, I did.
 "Q. And did you tell him if it checked out — well, tell me what you told him.
 "A. I just said, 'I reserve the right to have this car taken to a mechanic, because I think I should have it checked out the first of the week since it's a weekend.' "
She also asserts in her brief that she told Flournoy that the sale was conditioned on the vehicle's passing such an inspection, but there is no evidence supporting this assertion that the sale was conditional. McGarry paid Flournoy $8,500 for the car.
On the Monday after the sale, McGarry took the car to a Montgomery Nissan dealership to have it inspected. The dealer's inspection report noted that the right rear wheel was bent. McGarry testified that the dealer's employee told her that the car might have been in a wreck. McGarry next took *Page 1361 
the car to McGriff Auto Service, Inc., where Walter McGriff, after inspecting the underside of the vehicle, determined that it had "sustained significant structural damage, all of which has not been repaired" and that the right side wheelbase was about three-quarters of an inch shorter than the left side wheelbase. After receiving this information, McGarry told Flournoy she wanted to return the car for a refund. He volunteered to help with repairs but would not take back the vehicle.
McGarry filed a three-count complaint alleging breach of contract, fraud by suppression of material facts, and fraud by misrepresentation of material facts. Flournoy filed a motion for summary judgment, supported by McGarry's answers to interrogatories and by depositions of the parties and another witness. The trial court granted Flournoy's motion as to all counts of McGarry's complaint.
A summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. Once the moving party makes such a prima facie showing, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Ala. Code 1975, §12-21-12; Specialty Container Mfg., Inc. v. Rusken Packaging,Inc., 572 So.2d 403 (Ala. 1990). When reviewing a summary judgment, this Court views the evidence in the light most favorable to the nonmovant. Stephens v. City of Montgomery,575 So.2d 1095, 1097 (Ala. 1991).
The elements of a fraud claim are: (1) a misrepresentation of a material fact; (2) made willfully to deceive or recklessly without knowledge; (3) which was justifiably relied upon by the plaintiff under the circumstances; and (4) which caused damage as a proximate consequence. Ala. Code 1975, § 6-5-101; RamsayHealth Care, Inc. v. Follmer, 560 So.2d 746, 749 (Ala. 1990). McGarry argues that Flournoy knew or should have known that the automobile was damaged but fraudulently answered, when she inquired whether it had been wrecked, "Not to my knowledge." She cites Commercial Credit Corp. v. Lisenby, 579 So.2d 1291,1294 (Ala. 1991), and Boswell v. Coker, 519 So.2d 493
(Ala. 1987), for the proposition that, although a seller of a used car ordinarily has no duty to disclose defects to a buyer, such a duty does arise if the buyer inquires.
Lisenby and Boswell both involved the sale of used residences. Even assuming that the principles stated therein would apply to the sale of used automobiles, McGarry submitted no substantial evidence in opposition to Flournoy's showing that he made no misrepresentation. "Bare argument or conjecture will not satisfy [McGarry's] burden to offer facts to defeat the motion." Riggs v. Bell, 564 So.2d 882, 885 (Ala. 1990). McGarry testified that she had no personal information from which to believe that Flournoy knew the car was wrecked. Instead, she asks the Court to accept her assertion that Flournoy knew or should have known about the damage, based on the following: (1) her claim that he had more knowledge of Nissans and cars in general than she; (2) her claim that he had inspected the car in Atlanta; and (3) her disputed statement that Flournoy told her his son had put brakes on the car and had aligned its front end at a Firestone store where he worked. Even if these assertions are supported by the evidence, they do not support an inference that Flournoy knew the car was damaged. The evidence indicates that the damage could not be detected until the car was viewed from underneath. Flournoy is not a mechanic, and there is no evidence that he viewed the car from underneath. Thus, her first two assertions as to Flournoy's superior knowledge are only speculation, not supported by substantial evidence.
The third assertion is not based on substantial evidence creating a genuine question of material fact. Although both Flournoy and his son deny that the son inspected or worked on the car, for purposes of reviewing the summary judgment we accept McGarry's statement as true. However, she did not submit substantial evidence that the alleged defects were so obvious that the son would necessarily have seen them. McGarry testified that the mechanic at the Nissan dealership could say only that the car might have been wrecked and could not tell the extent of *Page 1362 
the damage. There is no evidence from McGriff that the defects were so obvious that anyone replacing the brakes or aligning the front end would have seen them. Thus, there was no substantial evidence that the son saw the alleged defects, much less that he told his father about them.
McGarry thus did not submit substantial evidence from which one could reasonably infer that Flournoy actually knew of the damage. She argues that she can support her fraud claim by showing that he should have known of the damage. Such evidence might support a claim of innocent or reckless misrepresentation against a defendant who answered "No" to the question "Has the car been wrecked?" However, Flournoy answered only, "Not to my knowledge." Evidence that he should have known would not be sufficient to show that he did know and thus would not be evidence that the statement "Not to my knowledge" was false. McGarry has not carried her burden of showing that Flournoy made a fraudulent misrepresentation when he stated that, to his knowledge, the car had not been wrecked. Thus, the summary judgment is due to be affirmed as to the claim alleging misrepresentation of material facts.
The summary judgment is also correct as to the claim alleging suppression of material facts, because of the lack of evidence that Flournoy knew of the alleged damage. An action for suppression will lie only if the defendant actually knows the fact alleged to be suppressed. Cherokee Farms, Inc. v.Fireman's Fund Ins. Co., 526 So.2d 871, 875 (Ala. 1988).
McGarry also argues that there was not a valid contract between herself and Flournoy. She claims that there was no meeting of the minds, no mutual assent to the terms of the contract. She alleges, alternatively, that the agreement between the two included her opportunity to have the vehicle inspected and to return it for a refund if it did not pass inspection. Neither of these arguments presents a basis for reversal. McGarry did not allege invalidity of the contract in her complaint, and the alleged invalidity was not presented on the summary judgment motion. McGarry did allege breach of contract in her complaint, but she did not submit substantial evidence that Flournoy agreed to make the sale contingent on a later inspection.
McGarry failed to present substantial evidence creating a genuine issue of material fact. Therefore, the summary judgment is due to be affirmed.
AFFIRMED.
ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.