**GENERAL CIGAR COMPANY, INC., Plaintiff,**

v.

**CR CARRIERS, INC., Thomas B. Ross, C. Michael Cody and Paul Cleveland, Defendants.**

**Civil Action No. 95–A–1169–S.**

United States District Court, M.D. Alabama, Southern Division.

Nov. 18, 1996.

David B. Byrne, Jr., Robison & Belser, P.A., Montgomery, AL, James D. Harmon,

Jr., The Harmon Firm, New York City, for General Cigar Co., Inc.

Dow T. Huskey, Jr., Dothan, AL, L. Drew Redden, Redden, Mills & Clark, Birmingham, AL, for CR Carriers, Inc., Thomas B. Ross, C. Michael Cody.

Anthony A. Joseph, J. Vincent Edge, Johnston, Barton, Proctor & Powell, Birmingham, AL, David M. Somers, David M. Somers & Associates, PC, Avon, CT, for Paul Cleveland.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

This cause is before the court on two Motions to Dismiss cross-claims. Jurisdiction is founded upon 28 U.S.C. § 1331 to the extent that claims arise under the laws of the United States and upon 28 U.S.C. § 1332, based upon the complete diversity of the parties and that the amount in controversy exceeds $50,000 exclusive of interest and costs.

The Plaintiff initiated this action on September 7, 1995 with a complaint alleging that the defendants engaged in a pattern of racketeering activity under the Racketeer Influenced and Corrupt Organizations Act (RICO). See 18 U.S.C. § 1961 et seq. The Plaintiff filed an Amended Complaint on November 8, 1995. Defendant Paul Cleveland ("Cleveland") filed a Motion to Dismiss the Complaint and a Cross-claim on May 22, 1996. Cleveland's Cross-claim consists of one count alleging common law fraud against CR Carriers, Inc., Thomas Ross, and C. Michael Cody (collectively "the CR Defendants").

The CR Defendants filed a Motion to Dismiss the Complaint on June 6, 1996. The CR Defendants also filed a Motion to Dismiss the Cross-claim, and a Cross-claim and Counterclaim on June 6, 1996. The CR Defendants' Cross-claim contained six counts including a claim for services rendered, violation of RICO, fraud, conspiracy to commit

fraud, intentional interference with a business contract, and breach of contract.[1] Cleveland's Motion to Dismiss the Cross-claim was filed June 24, 1996.

For the reasons herein discussed, the CR Defendants' Motion to Dismiss the Cross-claim by Cleveland is due to be DENIED, while Cleveland's Motion to Dismiss the Cross-claim by the CR Defendants is due to be GRANTED in part and DENIED in part.

## II. STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); see also Wright v. Newsome, 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. Hishon, 467 U.S. at 73, 104 S.Ct. at 2232–33. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir.1985).

## III. FACTS

The facts in this case revolve around an alleged arrangement between Cleveland and the CR Defendants to defraud the Plaintiff. For purposes of Cleveland's Motion to Dismiss, the CR Defendants have alleged that Cleveland, who was the senior vice president of operations for the Plaintiff, coerced the CR Defendants into submitting fraudulent invoices to the Plaintiff. Defendants Ross and Cody were both owners and officers of Defendant CR Carriers. CR Carriers con-

---

1. The CR Defendants denominated the pleading at issue a "Counterclaim and Crossclaim." Because counts one and six concern the contractual relationship between the CR Defendants and the Plaintiff and not the Plaintiff's employee, Cleveland, the court concludes that these two counts constitute the counterclaim and so does not address them in the disposition of the Motion to Dismiss the Cross-claim.

tracted with the Plaintiff to transport cigars, tobacco leaf, and waste materials from the Plaintiff's plant in Dothan, Alabama to various customers. The normal business practice of the Plaintiff is to route invoices to a freight audit company for review. The invoices then go to the Plaintiff's offices for approval. Upon approval, checks for payment are issued by the Plaintiff. Cleveland was an employee responsible for approving invoices and causing checks to be issued. The CR Defendants adopt the Plaintiff's allegations in its Amended Complaint that Cleveland had fraudulent invoices from CR Carriers routed directly to him, then he approved them, and had the Plaintiff issue checks in payment for the fraudulent invoices.

The CR Defendants further allege that Cleveland and other agents of the Plaintiff caused the CR Defendants to unknowingly transport illegal drugs from the Plaintiff's plant in Dothan, Alabama to various customers.

## IV. DISCUSSION

### A. The CR Defendants' Motion to Dismiss

■ Cleveland has made a cross-claim for fraud against the CR Defendants. Under Alabama law, a claimant must allege the following to set forth a claim for fraud or misrepresentation 1) a misrepresentation of a material fact; 2) made willfully to deceive or recklessly without knowledge; 3) which was justifiably relied upon by the plaintiff under the circumstances; and 4) which caused damages as a proximate consequence. *McGarry v. Flournoy*, 624 So.2d 1359, 1361 (Ala.1993) (citing Ala.Code § 6–5–101).

■ Cleveland alleges that the CR Defendants falsely represented that the submitted invoices were accurate and were for trucking services actually rendered, that Cleveland relied on these representations in approving the invoices, and that Cleveland's reliance caused his employment to be wrongfully ter-

minated and caused injury to his reputation, among other damages. Cleveland, therefore, has stated a claim for common law fraud.

The CR Defendants' Motion to Dismiss this claim is based on the CR Defendants' argument that RICO does not allow for contribution among defendants.[2] Because Cleveland has not alleged a claim for fraud within RICO, nor brought a claim for contribution, the court finds that there is no basis to dismiss Cleveland's claim for common law fraud.

### B. Cleveland's Motion to Dismiss

### 1. CR Defendants' RICO Claim

To state a civil RICO claim the claimant must allege each of the following: 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. *Sedima S.P.R.L. v. Imrex, Co., Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). To establish a pattern of racketeering activity at least two predicate acts of racketeering activity must be alleged. 18 U.S.C. § 1961(5). A racketeering activity is any act or threat in a specified list which is chargeable under state law and is punishable by imprisonment for more than one year, or any act indictable under certain provisions of the United States Code. 18 U.S.C. § 1961(1).

The predicate acts alleged by the CR Defendants in their cross-claim against Cleveland are coercion and drug trafficking. The CR Defendants argue that the sufficiency of their pleading with regard to the predicate acts should be reviewed under Federal Rule of Civil Procedure 8(a) rather than Rule 9(b) since the predicate acts do not involve fraud. Although, on its face, Rule 9(b) applies only to averments of fraud or mistake,[3] the 11th Circuit has affirmed a decision in which a district court held that "Rule 9(b) plainly applies to RICO claims." *Hunt v. American Bank & Trust Co.*, 606 F.Supp. 1348, 1362 (N.D.Ala.1985), *aff'd*, 783 F.2d 1011 (11th Cir.1986). In adopting this standard, the district court looked to reasoning of courts

---

**2.** This court does not address the availability of contribution under RICO since this claim is not brought under RICO.

**3.** Rule 9(b) states in part that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. Rule of Civ. Pro. 9(b).

that had interpreted the requirement that the predicate acts be "indictable" to mean that the "allegations must provide the highest level of FRCP Rule 9(b) particularity.... *Hunt*, 606 F.Supp. at 1360. Adoption of this standard in all RICO cases has been "justified by the connotative nature of the allegations in a racketeering action and the ten-year time limit on predicate acts invoked by RICO." *Id.* Consequently, this court will evaluate the allegations of the predicate acts under the standards of Rule 9(b).

■ The first predicate act under RICO alleged by the CR Defendants is coercion.[4] The definition of predicate act does not, however, include acts of coercion. *See* 18 U.S.C. § 1961(1). An argument could be made that "coercion" falls within "any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion...." *Id.* However, such an act must not only be chargeable under state law, it must also be "punishable by imprisonment for more than one year." *Id.* Under Alabama law, coercion is a Class A misdemeanor which means that it is punishable by imprisonment for not more than one year. *Ala.Code* §§ 13A–6–25, 13A–5–7 (1994). Therefore, this court holds that the crime of coercion, as defined by Alabama law, fails as a predicate act for a RICO claim.

The CR Defendants have also alleged the predicate act of drug trafficking. This is clearly a predicate act within RICO. *See* 18 U.S.C. § 1961(1). However, Cleveland has argued that to the extent that the CR Defendants' RICO claim is based on drug trafficking, the CR Defendants lack standing to raise such a claim.

■ A RICO claimant "only has standing if, and only can recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S.

479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). This standard has been interpreted to be a proximate cause standard. *See Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir.1991). The damages asserted by the CR Defendants are that they were put at risk of losing their company and that Ross and Cody were put at risk for criminal prosecution.[5]

■ The claimed damages for being criminally prosecuted will not confer standing upon Ross and Cody. *See Grogan v. Platt*, 835 F.2d 844 (11th Cir.), *cert. denied*, 488 U.S. 981, 109 S.Ct. 531, 102 L.Ed.2d 562 (1988). The 11th Circuit has taken the view that the "phrase 'injured in his business or property' excludes personal injuries, including the pecuniary losses therefrom." *Grogan*, 835 F.2d at 846. If Congress had intended to create a remedy for "cases involving bodily injury, injury to reputation, mental or emotional anguish, or the like, all of which will cause some financial loss, it could have enacted a statute referring to injury generally." *Id.* (quoting *Morrison v. Syntex Laboratories*, 101 F.R.D. 743, 744 (D.D.C.1984)). Consequently, since the alleged injury resulting from criminal prosecution is personal and not related to the CR Defendants' business, it will not confer standing.

■ The CR Defendants also alleged injury to their business, however, by alleging that they were put at risk of losing their business through criminal forfeiture. An allegation that the CR Defendants were put "at risk" of losing their business does not establish that the CR Defendants have suffered or imminently will suffer an injury. To give a claimant standing, an injury must be "actual or imminent, not 'conjectural' or 'hypothetical'." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). This standard also applies to alleged future law enforcement. *See*

---

4. A person commits the crime of coercion if, without legal authority, he threatens to ... damage the property or reputation of the threatened person or another with intent thereby to induce the threatened person or another against his will to do an unlawful act or refrain from doing a lawful act.
    *Ala.Code* § 13A–6–25 (1994).

5. Because Cleveland acknowledges, in his reply brief in support of the Motion to Dismiss the Cross–Claim, that Ross and Cody have been prosecuted for mail fraud, the court will not address whether the form in which the injury of prosecution was pleaded is too speculative to confer standing.

*eg. City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (Injury in fact could not be established since plaintiff could not show that police officers would use chokeholds on the plaintiff in the future). The CR Defendants have not alleged that any law enforcement action has been taken against them with regard to the alleged shipments of marijuana, much less that there is any real threat of criminal forfeiture of their business. While the CR Defendants have also pleaded that they were damaged in their "business and property," this pleading is conclusory and does not meet the requirements of Rule 9(b).

Because RICO limits standing to injuries to property or business and because the CR Defendants have failed to state a claim for imminent property damage, they lack standing to bring a claim based on drug trafficking under RICO. Since neither the coercion nor drug trafficking claims are sufficient to bring a claim under RICO, the CR Defendants' RICO claim must be dismissed for failure to allege two or more predicate acts.

### 2. CR Defendants' Fraud and Conspiracy to Defraud Claims

The CR Defendants have alleged claims for common law fraud and conspiracy to defraud. As was discussed earlier, to sufficiently allege a claim for fraud under Alabama law, the claimant must allege 1) a misrepresentation of a material fact; 2) made willfully to deceive or recklessly without knowledge; 3) which was justifiably relied upon by the plaintiff under the circumstances; and 4) which caused damages as a proximate consequence. *McGarry,* 624 So.2d at 1361.

■ Cleveland contends that the CR Defendants have failed to allege justifiable reliance. A claimant,

given the particular facts of his knowledge, understanding, and present ability to fully comprehend the nature of the subject transaction and its ramifications, has not justifiably relied on the ... representation if that representation is 'one so patently and obviously false that he must have

closed his eyes to avoid discovery of the truth'.

*ALFA Mutual Ins. Co. v. Brewton,* 554 So.2d 953, 956 (Ala.1989) (citations omitted).

■ Cleveland argues that, by their own admission, the CR Defendants entered into a contract to transport cigars, tobacco leaf, and waste materials so that they were under a preexisting obligation to submit invoices for their shipments and any reliance on Cleveland was misplaced. For this proposition, he cites a case in which the Alabama Supreme Court reasoned that to "merely aver performance of what one is under a pre-existing duty to perform does not satisfy the legal requirement that one show he was injured by the misrepresentations on which he relied." *See Amason v. First State Bank of Lineville,* 369 So.2d 547, 551 (Ala.1979). However, the CR Defendants have alleged that they relied on Cleveland's representations that to continue doing business with the Plaintiff, they had to send their invoices directly to Cleveland, rather than to the freight audit company. As this was a departure from normal business practice, the CR Defendants were not under a preexisting duty to submit invoices directly to Cleveland.

Cleveland also argues that the CR Defendants have failed to allege any damages. The CR Defendants allege that they were put at risk of losing their company through criminal forfeiture, were put at risk of losing their livelihood, and put at risk of criminal prosecution for transporting illegal drugs and for mail fraud. The court again refers to Cleveland's acknowledgment that Ross and Cody have been prosecuted for mail fraud to establish that there has been actual damage.

■ The CR Defendants have also alleged that Cleveland participated in a civil conspiracy to defraud. A civil conspiracy is a combination of two or more persons to do something that is unlawful or something that is lawful by unlawful means. *Purcell Co., Inc. v. Spriggs Enterprises, Inc.,* 431 So.2d 515, 522 (Ala.1983). Conspiring to defraud requires an allegation that "the conspiracy has caused damage to the plaintiff, and the damage is the natural and proximate consequence of the acts of the conspirators." *Ellis v. Zuck,* 409 F.Supp. 1151, 1159 (N.D.Ala.

1976), *aff'd*, 546 F.2d 643 (5th Cir.1977) (citing *National Park Bank of New York v. Louisville & N.R.R. Co.*, 199 Ala. 192, 74 So. 69 (1917)).

The CR Defendants have alleged that Cleveland conspired to commit fraud by causing the CR Defendants to unknowingly transport drugs and to submit fraudulent invoices to the Plaintiff. The CR Defendants, however, have not alleged that Cleveland was acting with another person in approving the fraudulent invoices, but instead have adopted the Plaintiff's allegations in its Amended Complaint that Cleveland was acting alone in approving the invoices. Therefore, the CR Defendants have failed to allege that two or more persons were conspiring to commit fraud by misrepresenting the necessity of routing invoices directly to Cleveland.

■ The CR Defendants have alleged, however, that Cleveland was acting with the Plaintiff and other agents of the Plaintiff in conspiring to commit fraud by causing the CR Defendants to unwittingly transport drugs. Therefore, taking the facts pleaded by the nonmoving party as true and drawing all inferences in favor of the nonmoving party, the CR Defendants have stated a claim for civil conspiracy to defraud based on the alleged drug trafficking.

### 3. CR Defendants' Intentional Interference with Business Contract Claim

■ To state a claim for intentional interference with a business contract, the claimant must aver the existence of a contract or business relation, defendant's knowledge of the contract or business relation, intentional interference by the defendant with the contract or business relation, and damage to the plaintiff as a result of defendant's interference. *Century 21 Academy Realty, Inc. v. Breland*, 571 So.2d 296 (Ala.1990).

■ The CR Defendants' claim for intentional interference with a business contract concerns the contract between CR Carriers and General Cigar. The allegation is that "Cleveland intentionally interfered with the business contract between the CR Defendants and the Plaintiff." However, there is no allegation that Cody or Ross were parties to the contract as individuals. Therefore, the intentional interference with a business contract claim is dismissed as to Cody and Ross, but remains as a claim by CR Carriers against Cleveland.

### IV. CONCLUSION

For the reasons discussed above, Cleveland has sufficiently pleaded a cross-claim against the CR Defendants for common law fraud. The CR Defendants have failed to plead a cross-claim under RICO, but have sufficiently pled claims for fraud, conspiracy to defraud, and a claim by CR Carriers for intentional interference with a business contract against Cleveland. Therefore, the CR Defendants' Motion to Dismiss the Cross-claim by Cleveland is ordered DENIED and Cleveland's Motion to Dismiss the Cross-claim by the CR Defendants is ordered GRANTED in part and DENIED in part as stated above.