768 So.2d 400 (2000)
Ronnie ROLAND d/b/a R & B Backhoe
v.
Kendall COOPER and Hilton Cooper Contracting, Inc.
2981433.
Court of Civil Appeals of Alabama.
April 14, 2000.
*402 Kimberly A. Clark of Motley, Motley & Yarbrough, Dothan, for appellant.
William H. Robertson of Robertson, Brunson & New, Clayton, for appellees.
CRAWLEY, Judge.
Ronnie Roland d/b/a R & B Backhoe ("Roland"), who was looking for a used dump truck to purchase, located some trucks for sale by Hilton Cooper Contracting, Inc. (the "company"). The company had placed a few used trucks for sale because those trucks were no longer useful to it. Roland contacted Kendall Cooper ("Cooper"), the son of Hilton Cooper, the owner of the company, to inquire about purchasing a truck. After looking over the trucks offered for sale, Roland selected a particular truck, a 1989 model, to test drive.
After driving the truck and finding it to his liking, Roland questioned Cooper about the truck. Roland specifically inquired about the truck's mileage, which was reflected on the odometer as 52,000 miles. Roland asked Cooper if the mileage was as low as the odometer reflected. According to Roland, Cooper responded by saying that "to the best of his knowledge the mileage was right." Cooper, however, recalls that he said he "had no way of knowing" the mileage on the truck. Roland purchased the truck.
Shortly thereafter, the truck began to "guzzle oil," and Roland had to replace the transmission and the driveshaft. Because he had to have the truck repaired, Roland was unable to use it. He sued Cooper and the company, alleging fraud in the inducement, fraudulent suppression, breach of warranty, and breach of contract. The trial court entered a summary judgment for Cooper and the company. Roland appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Lee, 592 So.2d at 1038. "Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d). See West, 547 So.2d at 871, and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for further discussion of the application of the summary-judgment standard.

The Summary Judgment for Kendall Cooper
Roland argues that Cooper, as an agent for the company, misrepresented and suppressed the odometer discrepancy while negotiating the sale of the truck to Roland. The basis of his argument appears to be that the company had the truck's certificate of title in its files at the office; that the title had on its face a notation about an odometer discrepancy; and that Cooper, as an agent of the company, should have known of the discrepancy. Although Alabama's agency law provides that an agent is deemed to have notice of whatever the principal has notice of, see Ala.Code 1975, § 8-2-8, that statute begins with the phrase "[a]s against the principal." Thus, we conclude that the agent is not deemed to have such notice when it is the agent who is sued. However, as we *403 will explain further later in this opinion, the agent is deemed to have had such notice when the principal is sued. If, as we have concluded, Cooper is not deemed to have notice of the fact of the odometer discrepancy simply because the company had that notice, then we must determine whether his alleged statement to Roland could constitute a misrepresentation and whether his failure to disclose an odometer discrepancy that he was unaware of amounted to suppression.
Roland argues that Cooper fraudulently misrepresented to him that the odometer reading on the truck was correct. To defeat a motion for a summary judgment on this claim, Roland had to present substantial evidence creating a genuine issue of material fact as to the following elements:
"`(a) false representation [usually] concerning an existing material fact ...;
"`(b) [a] representation which (1) the defendant knew was false when made, or (2) was made recklessly and without regard to its truth or falsity, or (3) was made by telling plaintiff that defendant had knowledge that the representation was true while not having such knowledge;
"`(c) reliance by the plaintiff on the representation and that he was deceived by it;
"`(d) reliance which was [reasonable][1] under the circumstances;
"`(e) damage to the plaintiff proximately resulting from his reliance.'"
Cato v. Lowder Realty Co., 630 So.2d 378, 381-82 (Ala.1993) (quoting Patel v. Hanna, 525 So.2d 1359, 1360 (Ala.1988) (quoting earlier cases)) (internal quotation marks and citations omitted). Cooper argues that the statements indicating that "to the best of his knowledge the mileage was right" and that he "had no way of knowing" the mileage on the truck cannot be false representations. He argues that these statements are nearly identical to the one made in McGarry v. Flournoy, 624 So.2d 1359 (Ala.1993), in which our supreme court held that "Not to my knowledge" was not a false representation. Thus, he argues that the summary judgment in his favor on Roland's fraud-in-the-inducement claim is proper and should be affirmed.
In McGarry, McGarry purchased a used automobile from Flournoy, an individual. McGarry, 624 So.2d at 1360. Flournoy had recently purchased the automobile himself, also from an individual, but had determined that it would not meet his needs. Id. McGarry inspected the automobile on two occasions and test drove it. Id. She questioned Flournoy about the automobile and specifically asked if the automobile had been wrecked. Id. To this question, Flournoy responded by saying, "Not to my knowledge." Id.
McGarry, after taking the automobile to a mechanic, discovered that the automobile had been wrecked and that it had "sustained significant structural damage, all of which has not been repaired." Id. at 1361. McGarry argued that Flournoy either knew that the automobile had been wrecked or that he should have known, because he knew more about automobiles in general, because he had inspected it before he purchased it, or because he and his son had put new brakes on it. Id. The court concluded that McGarry had not produced substantial evidence from which a jury could reasonably infer that Flournoy actually knew that the automobile had been wrecked. Id. at 1362. In addition, the court rejected McGarry's contention that Flournoy's answer "Not to my knowledge" would support a claim of reckless or innocent misrepresentation even if he should have known of the damage. Id. The court explained:

*404 "Such evidence (evidence that he should have known of the damage to the automobile) might support a claim of innocent or reckless misrepresentation against a defendant who answered `No' to the question `Has the car been wrecked?' However, Flournoy answered only, `Not to my knowledge.' Evidence that he should have known would not be sufficient to show that he did know and thus would not be evidence that the statement `Not to my knowledge' was false."
Id. After considering the supreme court's decision in McGarry, we agree with Cooper that his statement "to the best of my knowledge," like Flournoy's statement "Not to my knowledge," is not a false representation. In addition, we conclude that Cooper's statement that he "had no way of knowing" the mileage on the truck would also not be a false representation. Therefore, we affirm the summary judgment insofar as it relates to Roland's fraud-in-the-inducement claim against Cooper.
Roland also argues that Cooper fraudulently suppressed the odometer discrepancy. To succeed on this claim, Roland had to present substantial evidence creating a genuine issue of material fact as to the following elements:
"`(1) that [the defendant] had a duty to disclose [an] existing material fact; (2) that [the defendant] suppressed [that] material fact; (3) that [the defendant's] suppression of [that] fact induced [the plaintiff] to act or to refrain from acting; and (4) that [the plaintiff] suffered actual damage as a proximate result.'"
State Farm Fire & Cas. Co. v. Owen, 729 So.2d 834, 837 (Ala.1998) (citation omitted). "An action for suppression will lie only if the defendant actually knows the fact alleged to be suppressed." McGarry, 624 So.2d at 1362 (citation omitted); Owen, 729 So.2d at 837. In addition, regardless of the existence of a duty to disclose, a direct inquiry regarding a material fact requires a truthful answer. See Ex parte Ford Motor Credit Co., 717 So.2d 781, 787 (Ala. 1997).
We agree with Cooper's argument that the summary judgment in his favor on the claim of fraudulent suppression is due to be affirmed. Roland presented no evidence indicating that Cooper actually knew about the odometer discrepancy. Therefore, the summary judgment is affirmed insofar as it relates to the fraudulent-suppression claim against Cooper.
Roland also alleged against Cooper breach of contract and breach of warranty. We conclude that the summary judgment as to those claims was also proper. Cooper was not a party to the sales contract, so he could not be sued for breach of that contract or for a breach of any warranty purported to be implied in that contract. See Ligon Furniture Co. v. O.M. Hughes Ins., Inc., 551 So.2d 283, 285 (Ala.1989).

The Summary Judgment for Hilton Cooper Contracting, Inc.
Roland also argues that the company is liable for fraud in the inducement, fraudulent suppression, breach of warranty, and breach of contract. The evidence is undisputed that the title to the truck indicates on its face that there is an odometer discrepancy. In addition, the evidence is undisputed that the title to the truck was in the filing cabinet at the company's place of business when the truck was sold to Roland. Thus, the company was aware that the odometer reading on the truck was incorrect when Roland questioned Cooper about the truck's mileage.
As we stated earlier, Alabama's agency law provides that, in an action against the principal, an agent is deemed to have notice of whatever the principal has notice of. See Ala.Code 1975, § 8-2-8. Because the company knew that the truck's odometer reading was incorrect, Cooper is deemed to have had knowledge of that same fact for the purposes of Roland's action against the company. Therefore, we must again *405 consider the question whether Cooper's alleged statements to Roland were false representations and whether he suppressed a material fact by not disclosing the odometer discrepancy, in light of the principles of agency law.
Because the company's knowledge of the odometer discrepancy is imputed to Cooper, we must consider what the company actually knew about the odometer discrepancy. The certificate of title reads: "THE ODOMETER READING IS NOT THE ACTUAL MILEAGEWARNING ODOMETER DISCREPANCY." Nothing in the record reflects that the company had any way of knowing the true mileage on the truck. Therefore, we conclude that, if Cooper stated, as he recalls, that he "had no way of knowing" the mileage on the truck, his statement was not a false representation.
However, although we have held that, as it pertains to the claim against him personally, Cooper's statement "to the best of my knowledge" was not a false representation, see McGarry, 624 So.2d at 1362, we conclude that the very same statement is a false representation as it pertains to the claim against the company. Although the company did not know the true mileage, it did know that the mileage was incorrectly reflected on the odometer. Because, pursuant to § 8-2-8, the company's knowledge about the odometer discrepancy is imputed to its agent, Cooper, his alleged statement "to the best of his knowledge the mileage was right" is false. Because the parties do not agree on exactly what answer Cooper gave in response to Roland's question about the truck's mileage, it is for the jury to decide what was actually said. The company's liability will depend on what the jury determines Cooper said to Roland.
The company also argues that Roland could not have reasonably relied on Cooper's statements about the odometer because the truck was a 1989 model with extremely low mileage and because of Roland's experience with dump trucks. It points out that, in determining whether one's reliance was reasonable, a court is to consider "all of the circumstances surrounding a transaction, including the mental capacity, educational background, relative sophistication, and bargaining power of the parties." Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala.1997); see also Torres v. State Farm Fire & Cas. Co., 438 So.2d 757 (Ala.1983) (stating that "[i]f the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts, the plaintiff should not recover"). We conclude that the question whether, under the circumstances, Roland could have reasonably relied on Cooper's statements is for the jury. Therefore, the trial court's summary judgment, insofar as it relates to the fraud-in-the-inducement claim against the company, is reversed.
Roland also argues that the company fraudulently suppressed the odometer discrepancy. The company again argues that Cooper did not have actual knowledge of the discrepancy. Although we have determined that Cooper, as a defendant sued individually, did not suppress the odometer discrepancy because he did not have actual knowledge of it, we have reached the opposite conclusion about the company. As previously mentioned, the elements of fraudulent suppression are
"`(1) that [the defendant] had a duty to disclose [an] existing material fact; (2) that [the defendant] suppressed [that] material fact; (3) that [the defendant's] suppression of [that] fact induced [the plaintiff] to act or to refrain from acting; and (4) that [the plaintiff] suffered actual damage as a proximate result.'"
Owen, 729 So.2d at 837 (citation omitted). "An action for suppression will lie only if the defendant actually knows the fact alleged to be suppressed." McGarry, 624 So.2d at 1362 (citation omitted); Owen, 729 So.2d at 837. In addition, regardless of the existence of a duty to disclose, a direct inquiry regarding a material fact requires *406 a truthful answer. See Ex parte Ford Motor Credit Co., 717 So.2d at 787. Cooper, as the company's agent, is deemed to have knowledge of the odometer discrepancy; therefore, his failure to reveal the discrepancy to Roland when questioned directly about it could amount to fraudulent suppression, provided all other elements of the cause of action are proven at trial. Insofar as the summary judgment relates to Roland's fraudulent-suppression claim against the company, it is reversed.
Roland also claims that the company warranted that the truck was merchantable and warranted that it was fit for its intended purpose. Those warranties, he argues, were breached, because the truck uses too much oil and has had to be repaired. As the company correctly points out, warranties of merchantability and fitness for a particular purpose are not implied in the sale of used vehicles. See Osborn v. Custom Truck Sales & Service, 562 So.2d 243 (Ala.1990) (citing Trax, Inc. v. Tidmore, 331 So.2d 275, 277 (Ala.1976), and Curry Motor Co. v. Hasty, 505 So.2d 347, 350 (Ala.1987)). Therefore, insofar as it relates to Roland's breach-of-warranty claim against the company, the summary judgment is affirmed.
Finally, Roland argues that the company breached its contract. The company argues that the contract between it and Roland was simply to sell Roland the truck for a specified price, which, it states, it did. Roland has presented no evidence indicating that the company breached the contract of sale; he just argues that the truck is not in as good a condition as he was told it was. Those allegations are properly addressed in his fraud claims. Therefore, we affirm the summary judgment insofar as it relates to Roland's breach-of-contract claim against the company.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, J., concurs.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur specially.
YATES, Judge, concurring specially.
Generally, when a third party suffers damage as a result of an agency relationship, the dispute is usually whether the principal is liable for the agent's wrongful conduct. In that situation, notice or knowledge of the agent's wrongful conduct is imputed to the principal, pursuant to § 8-2-8, Ala.Code 1975. In the present case, however, the question is whether the agent should be held liable for the principal's wrongful conduct. That is, can the principal's knowledge of its wrongful conduct be imputed to the agent?
It is clear that the company had notice of a discrepancy in the odometer reading when it purchased the truck from Mark Dunning Industries. Judge Crawley concludes that under § 8-2-8, knowledge of the odometer discrepancy cannot be imputed to Cooper, as an agent of the company. I agree that the phrase "[a]s against a principal," in § 8-2-8, limits imputed knowledge to the principal.
In Willingham v. United Insurance Co. of America, 642 So.2d 428 (Ala.1994), the trial court entered a partial summary judgment in favor of the insurance company and two of its sales agents. In that case, the insurance company had issued life insurance policies on the plaintiffs' foster children. An internal memorandum directed the insurance company's underwriters to not issue life insurance policies on foster children. However, this memorandum was not circulated to the sales agents. The plaintiffs argued that under § 8-2-8 both "the principal and the agent are deemed to have notice of whatever either has notice of, and ought, in good faith and in the exercise of ordinary care and diligence, to communicate to the other." 642 So.2d at 430. The plaintiffs further argued that the agents had at least imputed knowledge that the insurance policies were void. However, the plaintiffs' *407 appeal involved only the insurance company, not the sales agents. The Supreme Court reversed the summary judgment, imputing the insurance company's knowledge to the agents, but only for purposes of determining the insurance company's liability and not the agents, because the agents were not parties to the appeal.
I also agree that Roland failed to present substantial evidence indicating that Cooper knew that the truck's odometer was incorrect so as to support either of his fraud claims against Cooper. Cooper stated that when Roland asked him whether the odometer was correct, he told him: "I don't know. I have no way of knowing. The guy that we bought it from told us it was the correct mileage. That is what my daddy told me. That is all I had to go on. I didn't buy the truck [from Mark Dunning Industries]."
By merely repeating the misrepresentation, Roland was the instrument of the company's fraud, but he lacked the intent to defraud Cooper. Cooper failed to present sufficient evidence indicating that Roland knew that the representation regarding the odometer was false. Had Cooper presented such evidence, then Roland would be liable as well. I note that an agent's position as an agent is, alone, not a defense to wrongful conduct. In other words, an agent is not immune from liability from his own wrongful conduct merely because he is acting as an agent.
I further note that I agree that Roland's breach-of-contract and breach-of-warranty claims do not lie as to Cooper or the company.
ROBERTSON, P.J., and MONROE, J., concur.
NOTES
[1] We have replaced the word "justifiable" with the word "reasonable" because of the supreme court's change from the justifiable-reliance standard to the reasonable-reliance standard in Foremost Ins. Co. v. Parham, 693 So.2d 409 (Ala.1997).