

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2004

# Haynes v. Metro Life Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1863

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Haynes v. Metro Life Ins Co" (2004). *2004 Decisions.* Paper 806.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/806

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.: 03-1863
_____

LINDA HAYNES;
JONATHAN HAYNES;
REGINA HAYES;
LYNDA P. JORDAN;
JIMMY HAYES

Appellants

v.

METROPOLITAN LIFE INSURANCE COMPANY;
JONATHAN W. SIMS

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 01-cv-00453)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
on February 10, 2004

Before: SCIRICA, Chief Judge, ROTH and MCKEE Circuit Judges

(April 20, 2004)

ROTH, <u>Circuit Judge</u>:

Appellants Linda Haynes, Jonathan Haynes, Regina Hayes, Jimmy Hayes and Lynda P. Jordan brought an action against Metropolitan Life Insurance Co. (MetLife) claiming its agents made fraudulent representations which induced their purchases of life insurance. Appellants originally brought this action in the Circuit Court of Calhoun County, Alabama, on October 10, 2000, and MetLife removed the case to the United States District Court for the Northern District of Alabama on December 1, 2000. In March 2001, the Judicial Panel on Multi-District Litigation transferred this case to the Western District of Pennsylvania. Appellants alleged that "vanishing premium" promises were made to them and that they were told that premium payments would cease after a specified number of years. In addition, all appellants other than Lynda P. Jordan alleged that they were told that the policies would serve as a "retirement plan" providing guaranteed income at age sixty-five. Appellants sought relief for fraudulent misrepresentation, fraudulent suppression, breach of contract, and civil conspiracy. MetLife moved for judgment on the pleadings which the District Court granted.

Appellants appealed. They contend that the District Court erred in granting judgment on the pleadings because they could have reasonably relied on the fraudulent statements, and that the District Court erred in dismissing appellants's conspiracy claims.

2

We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's order for judgment on the pleadings. *Werwinski v. Ford Motor Company*, 286 F.3d 661, 665 (3d Cir. 2002); *Churchill v. Star Enters.*, 183 F.3d 184, 189 (3d Cir. 1999). The standard applied to a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is similar to that applied to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Under Rule 12(b)(6), "[w]e must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them." *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993)). We may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Delie*, 257 F.3d at 313 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1994)).

Appellants argue that whether they could have reasonably relied on the MetLife's alleged misrepresentation is a question of fact to be put to a jury and that the trial court erred by granting the MetLife's motion for judgment on the pleadings. Appellants rely on *Potter v. First Real Estate Co.*, 844 So. 2d 540 (Ala. 2002), in support of this proposition.[1] In *Potter*, however, a special relationship existed between the plaintiffs and

---

[1]Appellants also cite to *Richardson v. Liberty National Life Ins. Co.*, 750 So. 2d 575 (Ala. Civ. App. 2000) and *Roland v. Cooper*, 768 So. 2d 400, 405 (Ala. Civ. App. 2000) in support of their argument. While *Richardson* did find that misrepresentation involving an insurance policy was a question for the jury, that case was filed before Alabama Supreme Court restored the "reasonable reliance" standard in *Foremost Ins. Co.*

3

defendants that created a duty to disclose and the document at issue was difficult to read. In the instant case, there is no similar special relationship between appellants and MetLife, and the insurance policy was plainly legible. The present case then fits neatly within the standard set out by the Alabama Supreme Court in *Foremost Ins. Co. v. Parham*, 693 So. 2d 409 (Ala. 1997):

> the trial court can enter a judgment as a matter of law in a fraud case where the undisputed evidence indicates that the party or parties claiming fraud in a particular transaction were fully capable of reading and understanding their documents, but nonetheless made a deliberate decision to ignore the written contract terms.

*Id.* at 421. Applying this standard, we conclude that the question of misrepresentation in the instant case was not an issue of fact and that the District Court did not err in dismissing the fraud claims.

Appellants also argue that their fraud claims were filed within the applicable statute of limitations and that the District Court erred in concluding that appellant Lynda P. Jordan's fraud claims were time-barred. Appellants maintain that the Supreme Court's decision in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), concerning class actions in the federal courts rescues Jordan's claim. This argument, however, ignores that this is a diversity case in which Alabama law is applied. In *DeArman v. Liberty Nat'l Life*

---

*v. Parham*, 693 So. 2d 409, 421 (Ala. 1997). As to *Roland*, the misrepresentation there revolved around the quality of a truck, a much less readily cognizable fact than the instant case where any misrepresentation could be dispelled simply by examining the face of an insurance policy.

*Ins. Co.*, 786 So. 2d 1090 (Ala. 2000), the Alabama Supreme Court held that "no cause of action for an alleged fraud related to the purchase of a vanishing-premium policy accrues until the policyholder is required to make a premium payment after the date upon which the policy was to become self-sustaining." *Id.* at 1092. Alabama's statute of limitations for fraud and negligence is two years. Ala. Code §6-2-38. In this "vanishing premium" case, Jordan purchased her policy in June 1988 and was told that her premiums would "vanish" in seven years. Thus, her claim ripened in June of 1995. She did not, however, bring her fraud claims until March 2001. We therefore conclude that the District Court did not err in holding that Jordan's fraud claims were time-barred.[2]

Appellants also challenge the District Court's ruling that appellant Regina Hayes's fraud claims are not ripe and that the District Court erred by not considering recent Alabama case law on the subject. Initially, we note that the District Court merely stated that lack of ripeness was an alternate basis for dismissing Hayes's fraud claims. In the actual event, the District Court dismissed Hayes's and the other timely claims because they could not succeed under *Foremost's* reasonable reliance standard. Having already affirmed the District Court's ruling as to reasonable reliance, we need not address this alternate basis for dismissal.

Finally, appellants contend that the District Court erred in granting MetLife's

---

[2]We note that appellants make no mention of their breach of contract claims, and apparently are not appealing the District Court's ruling that these claims are time-barred.

motion for judgment on the pleadings because they have viable civil conspiracy claims. "Conspiracy itself furnishes no civil cause of action. Therefore, a conspiracy claim must fail if the underlying act itself would not support an action." *Triple J Cattle, Inc. v. Chambers*, 621 So. 2d 1221, 1225 (Ala. 1993) (internal citation omitted). Appellants admit that their civil conspiracy claims are based on their fraud claims. As discussed above, the District Court properly dismissed the fraud claims. We therefore conclude that the District Court did not err in also dismissing the civil conspiracy claims.

For the reasons stated above, we will affirm the judgment of the District Court.