861 So.2d 1075 (2002)
Ex parte HURRICANE FREDDY'S, INC., et al.
(In re Hurricane Freddy's, Inc., et al. v. Darrell D. Smith et al.)
1010643.
Supreme Court of Alabama.
September 27, 2002.
Order Overruling Rehearing January 24, 2003.
*1076 Mary Beth Mantiply of Mantiply & Associates, Montrose, for petitioners.
W. Donald Bolton, Jr., and Oliver J. Latour, Jr., Foley, for respondents.
WOODALL, Justice.
The Baldwin Circuit Court, after a nonjury trial, entered a judgment for the plaintiffs, Darrell D. Smith and Hooks Catfish, Inc., d/b/a Hooks Catfish Restaurant ("Hooks Catfish"), and against the defendants, Hurricane Freddy's, Inc., Chris Ybarra, and Frank Martin, in the amount of $63,711.41. The defendants appealed to this Court, which transferred the case to the Court of Civil Appeals, pursuant to Ala.Code 1975, § 12-2-7(6).
The Court of Civil Appeals affirmed the judgment of the trial court, without an opinion. Hurricane Freddy's, Inc. v. Smith, (No. 2000282, October 12, 2001) 852 So.2d 851 (Ala.Civ.App.2001) (table). After the Court of Civil Appeals denied the defendants' application for rehearing, this Court granted certiorari review to determine whether that court's decision conflicts with prior decisions of this Court.
This fraud case was the subject of an earlier appeal. See Smith v. Hurricane Freddy's, Inc., 708 So.2d 174 (Ala.Civ.App. 1997). In that opinion, the Court of Civil Appeals adequately stated the facts underlying this dispute, and we see no need to repeat those facts here. In that earlier appeal, the Court of Civil Appeals reversed a judgment for the defendants, and remanded the case for the trial court "to enter a judgment of liability against the defendants, to determine the damages to be awarded Smith and Hooks Catfish, and to make an award of damages." 708 So.2d at 178. This appeal follows the trial court's award of damages.
The trial court entered its judgment after a hearing where oral testimony was presented. The ore tenus standard of review is well established:
"`[W]e will not disturb the trial court's findings of fact unless those findings are plainly and palpably wrong and not supported by the evidence.' Williams v. Lide, 628 So.2d 531, 534 (Ala.1993), citing Mitchell v. Kinney, 242 Ala. 196, 200, 5 So.2d 788, 797 (1942). However, the ore tenus rule does not extend to cloak a trial judge's conclusions of law, or incorrect application of law to the facts, with a presumption of correctness. As this Court has held, `when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court's judgment.' Griggs v. Driftwood Landing, Inc., 620 So.2d 582, 586 (Ala.1993)."
Eubanks v. Hale, 752 So.2d 1113, 1144-45 (Ala.1999)(opinion on return to second remand).
The Court of Civil Appeals earlier remanded this case for an award of damages because it concluded that "Smith and Hooks Catfish were damaged as a proximate result of Smith's relying on the false representation. They were left with the choice of closing the restaurant or continuing to operate despite the risk of having to close at any time." Smith, 708 So.2d at 178 (emphasis added). Therefore, on remand, the trial court was to determine the damages sustained by Smith and Hooks Catfish as the proximate result of their choosing to close their restaurant.
*1077 Fraud-action plaintiffs are entitled to recover damages proximately resulting from their reliance upon the false representation. Patel v. Hanna, 525 So.2d 1359, 1360 (Ala.1988). Of course, "expenses incurred as a result of fraudulent misrepresentation may be recovered. A party may recover all damages which were within the contemplation of the parties or which were necessary or natural and proximate consequences of the fraud. C. Gamble and D. Corley, Alabama Law of Damages §§ 17-1, 36-32 (1982)." Marshall Durbin Farms, Inc. v. Landers, 470 So.2d 1098, 1102 (Ala.1985). However, a fraud-action plaintiff cannot recover for losses where "no connection was made between [those] losses and the alleged misrepresentations made by the defendants." Rooney v. Southern Dependacare, Inc., 672 So.2d 1, 5 (Ala.1995).
The prior appeal established that Smith and Hooks Catfish were damaged when, as a proximate result of Smith's relying on the defendants' false representation, Smith and Hooks Catfish chose to close the restaurant. Under those circumstances, they are entitled to recover only those damages, including expenses, that naturally and proximately resulted from the closing of the restaurant. However, it is undisputed that the trial court, in determining the damages to be awarded Smith and Hooks Catfish, considered the operating income of the restaurant, as well as its operating expenses, many of which Smith and Hooks Catfish had received the full benefit of before they decided to close the restaurant. In doing so, it is clear that the trial court improperly applied the law to the facts; therefore, the Court of Civil Appeals erred in affirming its judgment.
The judgment of the Court of Civil Appeals is reversed, and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, SEE, BROWN, HARWOOD, and STUART, JJ., concur.
MOORE, C.J., and JOHNSTONE, J., dissent.
MOORE, Chief Justice (dissenting).
This Court bases its reversal on its conclusion that the trial judge misapplied the law to the facts, enabling it to dispense with the ore tenus presumption that normally accompanies such a decision.
"Under the `ore tenus rule,' a presumption of correctness accompanies the trial court's judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence."
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989).
However, the facts of the case dictate the exact legal conclusion reached by the trial court. The majority relies upon a statement in the earlier Court of Civil Appeals' opinion to the effect that Smith and Hooks Catfish "were left with the choice of closing the restaurant or continuing to operate despite the risk of having to close at any time." Smith v. Hurricane Freddy's, Inc., 708 So.2d 174, 178 (Ala.Civ. App.1997). The majority then concludes that the only damages available to Smith and Hooks Catfish are the costs of closing the restaurantnot the costs of operating the restaurant.
In that same opinion, though, the Court of Civil Appeals summarized the facts that *1078 underlie the trial court's award of damages in this case:
"[Darrell Smith and his wife Linda] told Walker [a real-estate agent] that they would be interested in purchasing Hurricane Freddy's only if they could sell farm-raised catfish there and if they could change the name to Hooks Catfish Restaurant. The Smiths made a written offer to assume the lease and to purchase the assets of the business `contingent on Buyer being able to serve freshwater catfish.' During the negotiations concerning the purchase of Hurricane Freddy's, the Smiths say, Ybarra and Martin [the owners of Hurricane Freddy's] represented to them that the landlord had approved the Smiths' request to change the menu and the name of the restaurant. The Smiths say that, in reliance upon the representation that the landlord had agreed to allow their requested changes, they decided to purchase the business."

708 So.2d at 175-76 (emphasis added). It turned out that the landlord had not approved the changes in the menu and the change in the name of the restaurant and refused to allow the Smiths to continue to operate the restaurant with those changes. Consequently, the Smiths were left with the choice mentioned above: "closing the restaurant or continuing to operate despite the risk of having to close at any time." 708 So.2d at 178. Not surprisingly, the Smiths chose to close the restaurant and to sue for the damages caused by the misrepresentation.
Thus, the facts dictate, and the Court of Civil Appeals specifically recognized, "that Smith would not have purchased Hurricane Freddy's without the assurance that he could change the menu and the name." 708 So.2d at 178. In other words, the Smiths never would have opened and operated the restaurant but for the fraud. Therefore, the recovery of the operating costs of the restaurant rightfully were included in the damages awarded on the misrepresentation claim. "A party may recover all damages which were within the contemplation of the parties or which were necessary or natural and proximate consequences of the fraud." Marshall Durbin Farms, Inc. v. Landers, 470 So.2d 1098, 1102 (Ala.1985). The Smiths' operation of the restaurant and the costs that that operation entailed were a proximate result of the misrepresentation by the defendants and were considered by the trial court to be a natural consequence of the fraud.
The fact that the Court of Civil Appeals, on return to remand, affirmed the damages award and did not read their original opinion to have the same effect this Court does only confirms that the trial court's application of the law to the facts was correct. Thus, because the trial court properly applied the law to the facts in this case, its judgment is entitled to deference and the Court of Civil Appeals correctly affirmed that judgment. Therefore, I dissent.
JOHNSTONE, J., concurs.

On Application for Rehearing
WOODALL, Justice.
APPLICATION OVERRULED.
SEE, BROWN, HARWOOD, and STUART, JJ., concur.
MOORE, C.J., and HOUSTON, LYONS, and JOHNSTONE, JJ., dissent.
HOUSTON, Justice (dissenting).
I am convinced that I erred when I concurred with the original opinion. I am now convinced that Judge Partin got it right: damages equal the costs of going into businessless receipts from the businessless receipts from the sale of purchased *1079 property (increased to show actual value when the sales price was found to be too low). I think we should grant the rehearing, reverse our position, and affirm without opinion.
LYONS, Justice (dissenting).
Although I did not vote in this case on original submission, I have been persuaded by the application for rehearing and I respectfully dissent from the denial of rehearing. The opinion issued by the majority on original submission parses the earlier opinion of the Court of Civil Appeals, which remanded the case for a determination of damages, Smith v. Hurricane Freddy's, Inc., 708 So.2d 174 (Ala.Civ.App. 1997), and then pins its reasoning to the reference in the Court of Civil Appeals' opinion to Smith and Hooks Catfish's "choice of closing" the restaurant. 708 So.2d at 178. I read the Court of Civil Appeals' reference to the "choice of closing" the restaurant in juxtaposition with the words "or continuing to operate despite the risk of having to close at any time," which immediately follow the choice-to-close language. Id. In other words, the language expresses with clarity the Hobson's choice Smith and Hooks Catfish faced; it is not a limitation on damages. No such narrow language appears in the paragraph of the opinion dealing with the instructions on remand. The trial court did not err in computing damages.
I cannot accept the majority's reasoning that it was improper to consider operating expenses in calculating damages because Smith and Hooks Catfish received the full benefit from operating the restaurant prior to closing. Such an analysis overlooks the impact of the full credit undisputedly given to the lessors by Smith and Hooks Catfish, in their calculation of damages, for all sums earned in the business, all sums returned, and all sums collected for equipment sold.