Plaintiff, Ligon Furniture Company, Inc. ("Ligon"), appeals from a summary judgment in favor of defendants, O.M. Hughes Insurance, Inc. ("Hughes"), Gay Taylor, Inc., and John A. Routledge, in an action to recover damages for breach of contract, bad faith refusal to pay an insurance claim, conversion, and fraudulent misrepresentation.
Ligon contacted Hughes to secure insurance on its furniture store in Birmingham, Alabama. Hughes arranged for Compass Insurance Company ("Compass") to provide insurance for Ligon. Thereafter, the contents of Ligon's furniture store were damaged by fire. Ligon reported this loss to Hughes, who, at the request of Compass, assigned the job of adjusting Ligon's claim to Gay Taylor. Routledge, an employee of Gay Taylor, inspected the premises and arranged for M.F. Bank Company, Inc. ("M.F. Bank"), a salvage company from Atlanta, Georgia, to take possession of and to sell the damaged property.
Ligon, M.F. Bank, and Routledge entered into the following written agreement, which was signed by Ligon, M.F. Bank, and Routledge:
 "THIS MEMORANDUM WITNESSETH: That whereas, the stock described as insured by policies issued by Ligon Furniture has been damaged by fire, water or other casualty occurring on or about the 4th day of February, 1985.
 "WHEREAS, It is to the benefit of all who may have an interest in the stock contained in building located at 1545 B Carter Hill Rd., Birmingham, Alabama that same be handled with as little delay as possible without waiting to determine the respective ownership or interests or liabilities under policies purporting to insure same.
 "IT IS HEREBY MUTUALLY UNDERSTOOD AND AGREED that all the *Page 285 
remains of said stock be turned over to the M.F. Bank Company, Inc., to be by them put in best possible order and sold in the interest of whom it may concern. The proceeds of such sale, less the Salvage Company's expenses (which shall include necessary traveling expense and maintenance of the officers or agents of the Company) of handling the same, plus 10% commission on gross sales shall be held by them until loss is adjusted and then turned over by them to the parties to whom said proceeds belong.
 "IN WITNESS WHEREOF, we have hereunto attached our hands and seals on 2 copies and one original at: same as above this day of February 11, 1985."
Pursuant to this agreement, M.F. Bank took possession of and sold the damaged property, and delivered a check to Gay 
Taylor, payable to Compass, in the amount of $6,349.04.
Subsequently, a dispute arose over Compass's failure to pay Ligon's claim, and Ligon filed suit against Compass, Dattrell Duncan (a general agent of Compass), Hughes, Gay Taylor, and Routledge. Ligon alleged four causes of action: (1) breach of contract; (2) bad faith refusal to pay or, alternatively, a failure to investigate a claim, and a conspiracy to refuse to pay Ligon's claim; (3) conversion; and (4) fraudulent misrepresentation at the time Ligon entered into the insurance agreement.
Ligon entered into a pro tanto settlement with Compass and Duncan, and the claims against them were dismissed with prejudice.
Thereafter, Gay Taylor and Routledge filed a third-party complaint against Compass, alleging that if Gay Taylor and Routledge were liable to Ligon, then Compass was liable to Gay Taylor and Routledge. The trial court entered summary judgment for Hughes, Gay Taylor, and Routledge on all counts and then dismissed the third-party complaint as moot. Ligon appealed. Gay Taylor and Routledge cross-appealed to preserve their third-party claim should Ligon prevail on its appeal.
Breach of Contract: The undisputed evidence reveals that Hughes was not a party to Ligon's insurance contract with Compass and that Gay Taylor and Routledge were not parties to it either. Thus, the trial court properly entered summary judgment on the claim alleging a breach of the insurance contract.
Bad Faith: The tort of "bad faith" is not a cognizable cause of action in Alabama, except in the context of a breach of an insurance contract, Keaton v. Bank of Red Bay, 466 So.2d 937
(Ala. 1985); Peninsular Life Ins. Co. v. Blackmon, 476 So.2d 87
(Ala. 1985), by a party to that insurance contract, Gray v.Great American Reserve Ins. Co., 495 So.2d 602 (Ala. 1986). In the present case, the evidence shows that Ligon had no insurance contract with Hughes, Gay Taylor, or Routledge upon which to base a claim of bad faith. Ligon's contract of insurance was with Compass. The trial court, therefore, properly entered summary judgment on this cause of action.
Conversion: This Court in Ott v. Fox, 362 So.2d 836, 839
(Ala. 1978), held that "[t]o constitute conversion, there must be a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse" of another person's property. "To sustain an allegation of conversion in Alabama the Plaintiff must be able to show legal title and the immediate right of possession to the property in question" at the time of the alleged conversion.Thompson v. Ford Motor Credit Co., 550 F.2d 256, 258 (5th Cir. 1977). In the present case, Ligon's complaint did not allege a conversion of the money received from the sale of the salvaged stock; rather, it alleged that, "[o]n or about the 4th day of February, 1985, Defendants converted to their own use the stock in trade of the Plaintiff." The undisputed evidence shows, however, that Ligon relinquished any right that it had to immediate possession of the property when it agreed to allow M.F. Bank to take possession of the property for salvage purposes in accordance with the agreement hereinbefore set out. The trial court did not err in entering summary judgment on the conversion count.
Fraudulent Misrepresentation: In order for a promise to constitute an actionable *Page 286 
fraudulent misrepresentation, there must be, at the time the promise is made, a present intent not to perform as promised.Nelson v. Darling Shop of Birmingham, Inc., 275 Ala. 598,157 So.2d 23 (1963); Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So.2d 314 (1953). We have held that the actual failure to perform under an insurance policy is not in and of itself evidence of intent not to perform at the time the promise was made. Old Southern Life Insurance Co. v. Woodall, 295 Ala. 235,326 So.2d 726 (1976). Something more is required. No evidence was presented tending to show that the policy was issued to Ligon with the intention not to pay claims made thereunder. The evidence shows a sale of an insurance policy by Hughes to Ligon. This is not sufficient evidence of a fraudulent misrepresentation. There was no evidence that Ligon did not receive the insurance coverage that it sought. Neither Gay 
Taylor nor Routledge was involved in the negotiations surrounding the purchase of the policy. Gay Taylor and Routledge were not made aware of the policy until they were asked to adjust Ligon's claim. Summary judgment was properly entered on the claim for fraudulent misrepresentation.
Based on the record before us, we conclude that there was no genuine issue of material fact and that Hughes, Gay Taylor, and Routledge were entitled to a judgment as a matter of law on all counts. Therefore, summary judgment was proper (Rule 56(c), A.R.Civ.P.; Wilson v. Brown, 496 So.2d 756 (Ala. 1986)); and the judgment is therefore affirmed.
Because summary judgment was correctly entered in favor of Hughes, Gay Taylor, and Routledge, we need not consider the cross-appeal.
88-166 AFFIRMED.
88-237 AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.