Phyllis BRIDGES, Plaintiff,

v.

**PRINCIPAL LIFE INS. CO. and Thomas B. Walker, et al., Defendants.**

No. CIV. A. 00–A–1725–N.

United States District Court, M.D. Alabama, Northern Division.

April 27, 2001.

Leah O. Taylor, Taylor & Taylor, Birmingham, AL, for Phyllis Bridges, plaintiffs.

James S. Christie, Jr., Michael R. Pennington, Ronald H. Kent, Jr., Bradley, Arant, Rose & White, LLP, Birmingham, AL, for Principal Life Ins.

Alan Carpenter Livingston, Lee & McInish, Dothan, AL, for Thomas B. Walker.

ProMarketing, L.L.C., [Pro se], c/o Robert E.L. Gilpin, Registered Agent, Kaufman & Rothfeder, P.C., Montgomery, LA, for Promarketing, L.L.C., a corporation aka Beeline Corporation.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. FACTS AND PROCEDURAL HISTORY

This cause is before the court on a Motion to Strike, filed by Defendant Thomas Walker on March 29, 2001.

The Plaintiff, Phyllis Bridges ("Bridges") was employed by Beard Oil Company. She alleges in the Complaint that while she was employed there, Principal Life Insurance Company ("Principal Life") and its agent Thomas B. Walker ("Walker") offered her a "retirement plan" which she purchased. She states that the nature of this "retirement plan" was mis-

represented to her and that it was actually an adjustable life insurance plan. The case was removed to this court on December 27, 2000.

On February 27, 2001, this court denied a Motion to Remand filed by Bridges, finding that Bridges' state law claims were completely pre-empted under the Employee Retirement Income Security Act ("ERISA").

On March 16, 2001, Bridges filed an Amended Complaint bringing claims, in addition to the state law claims asserted in the original Complaint, for violation of ERISA (Count IV), breach of fiduciary duty (Count V) [1], and a claim for attorneys' fees and costs (Count VI).

Defendant Walker moved to strike the state law claims asserted by Bridges, stating that they are completely preempted.

For reasons to be discussed, the Motion to Strike is due to be GRANTED.

### II. DISCUSSION

In its previous Memorandum Opinion denying the Motion to Remand in this case, the court concluded that Bridges' Complaint stated a federal question because her state law claims were completely preempted by ERISA. Bridges now contends that her claim for fraudulent inducement as against the insurance agent, Walker, is outside of the scope of ERISA preemption.

Bridges points to the Eleventh Circuit's decision in *Morstein v. National Insurance Services,* 93 F.3d 715 (11th Cir. 1996)(en banc) as the basis for her argument.[2] In *Morstein,* the court held that

---

1. Walker characterizes this claim as a claim for civil conspiracy. The Plaintiff uses both the terms "fiduciary duty" and "conspired" in this count. For reasons to be discussed, to the extent that the claim in Count V is a state

law claim, it is due to be stricken. To the extent that it is a claim asserted under ERISA, it is not due to be stricken.

2. Bridges also relies on an unpublished decision of Magistrate Judge Carroll applying

when a state law claim brought against a non-ERISA entity does not affect relations among principal ERISA entities as such, then it is not preempted by ERISA. *Id.* at 722. The Defendants in *Morstein* were an independent insurance broker and his agency, who obtained for the plaintiff an insurance policy to be administered by a third party and underwritten by a separate insurance company. *Id.* at 716. Bridges points to language in the *Morstein* opinion wherein the court states that the objectives of ERISA would be thwarted if insurance agents were immunized from personal liability for fraudulent misrepresentations regarding ERISA plans. *Id.* at 723.

Courts, including this court, the Eleventh Circuit, another judge within this district, and another district court within this circuit, have concluded that fraudulent inducement claims against insurance agents can be completely preempted. In so concluding, these courts have recognized that *Morstein* was decided under unique facts in that the insurance agent was an independent agent. For instance, this court has previously concluded that where a plaintiff brings state law claims relating to an ERISA plan against an insurance company which issued the policy, paid the benefits, and made the decisions regarding eligibility for benefits, and against its agent, rather than an independent broker as in the *Morstein* case, the defendants are ERISA entities. *See Culpepper v. Protective Life Ins. Co.,* 938 F.Supp. 794 (M.D.Ala.1996).

Subsequent to this court's decision in *Culpepper,* the Eleventh Circuit decided *Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207 (11th Cir.1999). In *Butero,* the Eleventh Circuit stated that because there was an ERISA plan, the insurance company was an ERISA entity, because it could control the payment of benefits and the determination of the plaintiff's rights under the plan. *Butero,* 174 F.3d at 1213. As to the insurance agent, the Eleventh Circuit expressed some doubt as to whether the agent was an ERISA entity. *Id.* at 1213 n. 3. The court explained that there was no authority on the precise question before it, because the authority which existed consisted of cases "concerning *independent* insurance agents, but not mere employees of insurance companies." *Id.* (emphasis in the original). The court then stated that it declined to hold that claims against an ERISA entity's employee escape preemption because to so hold would also implicate the claims against the entity. *Id.*

In addition, in *Engelhardt v. Paul Revere Life Ins. Co.,* 139 F.3d 1346 (11th Cir.1998), the Eleventh Circuit distinguished *Morstein* on the basis that "unlike the independent insurance agent and agency in *Morstein,* Paul Revere is an ERISA fiduciary, and thus an 'ERISA entity.'" *Id.* at 1352. On remand from the Eleventh Circuit in that case, Judge DeMent concluded that *Morstein* was distinguishable because the individual defendant in *Engelhardt* was not an independent insurance agent working for a non-ERISA entity, but was an employee of an ERISA entity. *See Engelhardt v. Paul Revere Life Ins. Co.,* 77 F.Supp.2d 1226, 1238 (M.D.Ala. 1999). Judge DeMent concluded, therefore, that because the agent was an employee of an ERISA entity, the fraudulent inducement claim against the insurance agent was completely preempted. *Id.* at 1239. Similarly, in *Dickerson v. Alexander Hamilton Life Ins. Co. of America,* 130 F.Supp.2d 1271 (N.D.Ala.2001), the court concluded that the holding in *Mor-*

*Morstein,* but does not provide the court a copy of that opinion. This court is, therefore,

unable to determine whether that decision would be applicable in this case.

*stein* was based on the fact that, under Georgia law, independent agencies are considered agents of the insured, not the insurer. *Id.* at 1279. The court found that claims against the licensed agent of an ERISA entity were completely preempted. *Id.*

In light of the binding and the persuasive precedent on this issue discussed above, this court concludes that this case, wherein there is an agent of an ERISA entity, not an independent agent, does not fall within the *Morstein* holding, but instead falls within the reasoning of those cases which have held that when an insurance agent is not an independent agent, but is instead the employee of an ERISA entity, the claim against the agent for fraudulent inducement is completely preempted.[3] Accordingly, the court finds that the Motion to Strike the Plaintiff's state law claims is due to be GRANTED.

### III. *CONCLUSION*

For the reasons stated, the court concludes that the Motion to Strike (Doc. # 24) is due to be and is hereby ORDERED GRANTED and the Plaintiff's state law claims are STRICKEN from the Complaint as amended.

---

**3.** Bridges apparently concedes that the other state law claims she has brought are due to be stricken, since the fraud claim is the only claim which Bridges contends should not be stricken under *Morstein.* Any breach of contract or negligent or wanton supervision claim would necessarily be asserted against Principal Life, not Walker, and would be completely preempted. *See Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.,* 551 So.2d 283, 285 (Ala.1989)(agent of insurance company is not a party to the insurance contract).