Betty A. **BULLOCK**, Plaintiff,

v.

**UNITED BENEFIT INS. CO.,** Defendant.

No. CIV. A. 01–D–683–S.

United States District Court,
M.D. Alabama,
Southern Division.

July 30, 2001.

Order Denying Second Motion
to Remand Aug. 16, 2001.

Rufus R. Smith, Jr., Rufus R. Smith, Jr. & Associates, Dithan, AL, for Plaintiff.

Eric Allison Bowen, Montgomery, AL, Pro se.

James R. Rhodes, Highland Home, AL, Pro se.

James W. Davis, F. Alfred Smith, Jr., Bainbridge, Mims, Rogers & Smith, Birmingham, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff Betty Bullock's Motion To Remand, which was filed July 11, 2001. Defendant United Benefit Insurance Company ("United") opposes said Motion on the basis that the only non-diverse defendant has been fraudulently joined. After construing the facts in the light most favorable to Plaintiff and having carefully considered the arguments and the record as a whole, the court finds that Plaintiff's Motion To Remand is due to be denied.

## I. STANDARD OF REVIEW

[4, 5] In examining whether a joinder is fraudulent, the court "should resolve all questions of fact and controlling law in favor of the plaintiff and can consider any submitted affidavits and/or deposition transcripts." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *See Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998) (emphasis in original). Therefore, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant." *Cabalceta,* 883 F.2d at 1561.

## II. FACTS

On May 9, 2001, Plaintiff commenced this action in the Circuit Court of Dale County. Plaintiff's Complaint asserts a claim for breach of contract and various fraud claims against Defendants United and James Rhodes ("Rhodes"). (Compl.) Plaintiff brings an additional claim of negligent and wanton hiring, training, and supervision solely against United. (*Id.* ¶ 23.)

United is a foreign corporation organized and existing under the laws of Ohio, with its principal place of business in Cleveland, Ohio. (Notice of Removal ¶ 1.) Plaintiff and Defendant Rhodes are citizens of Alabama.[1] (*Id.* ¶¶ 2, 3.) United removed the action on June 7, 2001 on the basis of diversity jurisdiction, alleging that Rhodes was fraudulently joined. (*Id.* ¶ 3.)

## III. DISCUSSION

To defeat Plaintiff's Motion To Remand, United must demonstrate that Rhodes, the non-diverse defendant, has been fraudulently joined, and that the amount in controversy exceeds $75,000. The court finds that United has satisfied its burden.

### A. *Complete Diversity*

■ [6] When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir.1996). To prove that the joinder of Rhodes is fraudulent, United must demonstrate that there is no possibility that Plaintiff can establish a cause of action against Rhodes based upon the law or the facts alleged. *See Cabalceta*, 883 F.2d at 1561. If United makes such a showing, then complete diversity exists.

Plaintiff's claims stem from the fact that, in April 1998, Rhodes "represented to Plaintiff that the health insurance policy that Plaintiff was purchasing would have a $2,500 deductible and a $1,000 outpatient deductible rider provision annually." (Compl.¶ 6.) Further, Plaintiff alleges that, at the time of the sale in April 1998, Rhodes fraudulently "represented to Plaintiff that the $1000 deductible outpatient treatment would apply to outpatient treatment provided to her on or about June 15, 1999 at the Southeast Alabama Medical Center" and "failed to disclose to Plaintiff that the $1000 outpatient deductible would not apply to certain outpatient procedures or treatment." (*Id.* ¶¶ 11, 16.) The court now turns to Plaintiff's claims.

### 1. *Breach of Contract*

■ [7] Plaintiff brings a claim for breach of contract against Rhodes. The contract in this case, however, is between Plaintiff and United—the insurer and the insured. Rhodes, as the insurance agent, is not a party to the insurance contract. *See Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So.2d 283, 285 (Ala. 1989). Thus, Rhodes is not a proper defendant for Plaintiff's breach of contract claim. *See Bridges v. Principal Life Ins. Co.*, 141 F.Supp.2d 1337, 1340 n. 3 (M.D.Ala.2001) (noting that claims of negligent supervision or breach of contract must necessarily be brought against the insurer not against the insurer's agent). Accordingly, the court finds that there is no possibility that Plaintiff can establish a breach of contract claim against Defendant Rhodes.

---

1. The court notes that Plaintiff's Complaint also lists as Defendants several fictitious parties, the identity of which are not yet known to Plaintiff. For purposes of removal, the court does not consider the citizenship of fictitious defendants in assessing complete diversity. *See* 28 U.S.C. § 1441(a); *see also New v. Sports & Rec. Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir.1997).

## 2. Fraud Claims

Plaintiff's Complaint also asserts claims of fraudulent and/or negligent misrepresentation and fraudulent suppression against Rhodes stemming from her 1998 purchase of insurance. (Compl.¶¶ 12–14, 16–18, 20–21.) United argues that Plaintiff cannot sustain her fraud claims against Rhodes because the statute of limitations has expired. The court agrees.

■ [8] "If the only claims against a resident defendant are barred by the statute of limitations, then there 'is no possibility the plaintiff can establish a cause of action against the resident defendant.' In such a situation, the resident defendant is deemed to be fraudulently joined." *Whitlock v. Jackson Nat'l Life Ins. Co.*, 32 F.Supp.2d 1286, 1290 (M.D.Ala.1998); *see also Levett v. Indep. Life & Acc. Ins. Co.*, 814 F.Supp. 1053, 1058 (M.D.Ala.1993). The statute of limitations for all of Plaintiff's claims is two years. *See* ALA. CODE §§ 6–2–3, 6–2–38 (*l*, n) (1993).

Here, because Plaintiff predicates liability on representations and omissions occurring at or around the date of purchase in 1998, the two year statute of limitations clearly had run on May 9, 2001, the date Plaintiff filed her Complaint. Under Alabama law, the only possibility for avoiding the statute of limitations bar on her fraud claims against Rhodes is if the statute is tolled. *See* ALA. CODE §§ 6–2–3, 6–2–38(*l* )(1975). However, the court finds that the Supreme Court of Alabama's interpretation of the tolling provision has foreclosed that possibility. *See Foremost Ins. Co. v. Parham,* 693 So.2d 409, 421 (Ala.1997).

■ [9] The *Foremost* decision reestablished that the objective standard for determining the accrual date for a fraud claim imposes a duty to read documents received in connection with a particular transaction. *Id.* at 421. Therefore, fraud claims accrue upon the earlier of: (1) actual discovery of the alleged fraud; or (2) al

receipt of a document or contract alerting the plaintiff to the possibility of fraud, if the plaintiff could have read and understood such document and shoe to ignore its written terms. *Id.* The *Foremost* court held that, if applied retroactively to the plaintiff, who had not even completed high school, the objective reasonable reliance standard would require a finding that such a plaintiff should have discovered the alleged oral misrepresentations upon signing and receiving the sales documents. *Id.* at 422. Thus, the court concluded that, under the objective standard, plaintiff's claims of fraud would be barred if not filed within two years of the plaintiff's receipt of the policy. *Id.*

■ [10] In the instant case, Plaintiff had in her possession documents which contradicted the alleged oral misrepresentations made by Rhodes and provided the information allegedly suppressed. Specifically, the policy provides a list of covered outpatient procedures and thereby defines the limitations on coverage. The fact that Plaintiff elected not to read her policy does not toll the statute of limitations.

Under the *Foremost* objective standard, the statute of limitations for Plaintiff's fraud claims against Rhodes began running in 1998 and expired no later than 2000, which is more than two years before Plaintiff filed this action. As a result, Plaintiff's claims against Rhodes are barred by the two year statute of limitations. *See Brown v. Commonwealth Life Ins. Co.,* 22 F.Supp.2d 1325, 1331 (M.D.Ala.1998). Hence, the court finds that there is no possibility that Plaintiff can establish a cause of action against Rhodes. Accordingly, the court finds that Rhodes has been fraudulently joined.

### B. Amount In Controversy

■ [11] In her Complaint, Plaintiff seeks a sum of "compensatory and punitive damages as a jury deems reasonable and

may award." In her Motion To Remand, Plaintiff does not challenge United's contention that the amount in controversy exceeds $75,000. Because Plaintiff has asked for an unspecified amount of damages, United must only show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *Tapscott*, 77 F.3d at 1357.

After careful review of the cases cited in United's Notice of Removal, the court finds that United has sufficiently demonstrated that the amount in controversy requirement is satisfied. *See Principal Financial Group v. Thomas*, 585 So.2d 816 (Ala.1991); *Intercontinental Life Ins. v. Lindblom*, 571 So.2d 1092 (Ala.1990); *see also Davis v. Franklin Life Ins. Co.*, 71 F.Supp.2d 1197, 1200 (M.D.Ala.1999); *Bolling v. Union Nat'l Life Ins. Co.*, 900 F.Supp. 400, 405 (M.D.Ala.1995).

## IV. ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Defendant James Rhodes be and the same is hereby DISMISSED as a party to this action. It is further CONSIDERED and ORDERED that Plaintiff's Motion To Remand be and the same is hereby DENIED.

## ORDER

■ [3] Before the court is Plaintiff's Second Motion To Remand, filed August 13, 2001. The court having denied Plaintiff's first Motion To Remand on fraudulent joinder grounds, Plaintiff now seeks to limit her damages to an amount less than the jurisdictional prerequisite. The court will not and cannot reward such a seemingly underhanded tactic. *See Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F.Supp.2d 1299, 1302 (M.D.Ala.2001) (DeMent, J.) (expressing concerns about "plaintiffs who devilishly move to limit their damages and return to state court only after litigation has taken an unfavora-

ble turn" and finding that plaintiffs "who fail to file damages stipulations soon after removal should be barred from doing so"). Accordingly, it is CONSIDERED and ORDERED that Plaintiff's Second Motion To Remand be and the same is hereby DENIED.