Edgar L. OWENS, Plaintiff,

v.

LIFE INS. CO. OF GEORGIA,
et al., Defendants.

Civil Action No. 03–F–870–N.

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 28, 2003.

Ted L. Mann, Mann Cowan & Potter PC, Birmingham, AL, for Plaintiff.

Archibald T. Reeves, IV, Richard M. Gaal, William C. Roedder, Jr., McDowell, Knight, Roedder & Sledge, L.L.C., Mobile, AL, for Life Ins. Co. of Georgia, defendant.

James L. Martin, James L. Martin, PC, Eufaula, AL, for Betty P. Adams, defendant.

## *MEMORANDUM OPINION AND ORDER*

FULLER, District Judge.

This cause is now before the court on the plaintiff's motion to remand (Doc. # 6). Defendants oppose the motion on the basis that the only non-diverse defendant has been fraudulently joined (Doc. # 8). After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that subject matter jurisdiction is not absent in this case. Accordingly, the court concludes that Plaintiff's motion to remand is due to be DENIED.

## I. FACTUAL BACKGROUND

On July 17, 2003, this action was commenced by the plaintiff, Edgar L. Owens, against the defendants Life Insurance Company of Georgia (hereinafter "Life of Georgia") and Betty P. Adams (hereinafter "Adams") in the Circuit Court of Bullock County, Alabama. In his complaint, Plaintiff alleges the following facts.

On June 21, 1984, Plaintiff purchased a level premium life policy, Policy No. 2868097 (hereinafter "Policy"), from Defendant Adams, an agent of Defendant Life of Georgia. According to Plaintiff, at the time of purchase, Adams represented to Plaintiff that: (1) the Policy would be a "paid up policy" upon Plaintiff's reaching age sixty-two, (2) the amount of insurance coverage would never fall below the face amount of $15,000.00, and (3) the "build up in values" of the Policy would pay for any additional insurance charges after Plaintiff reached age sixty-two. Plaintiff alleges that he agreed to purchase the Policy based upon these representations.

On August 31, 2002, Plaintiff reached the age of sixty-two and, to his dismay, he learned that the Policy would "not perform as Defendant [Adams] had [sic] misrepresented." Specifically, Plaintiff learned that the Policy is not "paid up as represented by Defendants." As a result, Plaintiff filed this action asserting claims for breach of contract, fraud and fraudulent suppression against Life of Georgia and Adams. Plaintiff seeks compensatory and punitive damages (Doc. # 1, Compl.).

On August 21, 2003, Defendant Life of Georgia removed this action to this court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction)[1] (Doc. # 1, Notice of Re-

---

**1.** It is undisputed that Plaintiff and Defendant Adams are citizens of Alabama, while Defendant Life of Georgia is a foreign corporation organized and existing under the laws of Georgia, with its principal place of business in Georgia.

moval), and Defendant Adams joined in the removal[2] (Doc. # 3). A few weeks later, on September 8, 2003, Plaintiffs filed a motion to remand asserting that this court lacks subject matter jurisdiction because diversity of citizenship does not exist (Doc. # 6). Shortly thereafter, on September 23, 2003, the defendants filed a response in opposition to the motion (Doc. # 8).

## II. STANDARD OF REVIEW

■ The general removal statute, 28 U.S.C. § 1441(a) & (b), permits removal of any case over which the district court has original jurisdiction. Federal courts however are courts with limited original jurisdiction. Specifically, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution and the Congress of the United States. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). As such, a lawsuit filed in state court may be removed to federal court based on either diversity[3] or federal question[4] jurisdiction. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998).

■ The party seeking removal has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996). However, because removal statutes are strictly construed

against removal, all doubts about removal must be resolved in favor of remand.[5] *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). As a result, the party who removes a case must support that action with sufficient jurisdictional allegations.

While the court must take care not to deprive a defendant of his right to a federal forum, if that right exists, the court must also be mindful of *four* other critical concerns. First, federal courts are tribunals of limited jurisdiction. *Gardner v. Allstate Indem. Co.,* 147 F.Supp.2d 1257, 1264 (M.D.Ala.2001) ("We have the power to decide only certain types of cases, and the parties cannot consent to jurisdiction when it has not been authorized by Congress or the Constitution."). Second, the diversity jurisdiction statute, 28 U.S.C. § 1332, is strictly construed because of the significant federalism concerns raised by federal courts passing on matters of state law. *Id.* Third, a plaintiff is the master of his complaint. *Id.* Fourth, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, [a removed] case shall be remanded."

---

**2.** The court notes that Plaintiff's Complaint also lists as Defendants several fictitious parties, the identity of which are not yet known to Plaintiff. For purposes of removal, the court does not consider the citizenship of fictitious defendants in assessing complete diversity. *See* 28 U.S.C. § 1441(a); *Bullock v. United Benefit Ins. Co.,* 165 F.Supp.2d 1255 n. 1 (M.D.Ala.2001).

**3.** Diversity jurisdiction exists in civil actions "between citizens of different states," in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

**4.** Federal question jurisdiction exists if the plaintiff's suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

**5.** Because removal is only permissible if the plaintiff's claims could have been filed in federal court originally, in deciding a motion to remand, the court must look to these claims to determine whether removal was appropriate. *Burns,* 31 F.3d at 1095. A defendant may submit affidavits, depositions, or other evidence to support removal. *See Lott v. Metropolitan Life Ins. Co.,* 849 F.Supp. 1451, 1452 (M.D.Ala.1993).

## III. DISCUSSION

Defendants contend that this action has been properly removed because the court has subject matter jurisdiction based on diversity. As aforementioned, district courts have original jurisdiction over civil actions where the amount in controversy exceeds the sum or value of $75,000.00 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Thus, a defendant seeking to remove a case on diversity grounds, must show: (1) complete diversity of citizenship between each plaintiff and every defendant, and (2) that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). Defendants contend that the amount in controversy requirement is satisfied and that Adams, the non-diverse defendant, has been fraudulently joined. Defendants further argue that, due to the fraudulent joinder, the court should disregard Adams' residency for purposes of diversity jurisdiction and conclude that complete diversity between the parties exists. The court addresses each argument in turn.

### A. *Complete Diversity*

■ In this case, as Plaintiff correctly points out, there is not complete diversity between Plaintiff and Defendant Adams because both are residents of the State of Alabama. One of the Supreme Court's earliest cases, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806),[6] held that there is no diversity jurisdiction when any party on one side of the suit is a citizen of the same state as any party on the other side. Correspondingly, the Eleventh Circuit has elucidated that: "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir.1996). However, as Defendants properly argue, this complete diversity requisite is not absolute. "When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship." *See Bullock v. United Benefit Ins. Co.*, 165 F.Supp.2d 1255, 1257 (M.D.Ala.2001). Thus, in order to determine whether complete diversity exists in this case, the court must address the issue of fraudulent joinder.

### 1. *Fraudulent Joinder*

■ As the United States Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[7] ... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts ... [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant

---

6. Overruled on other grounds by 43 U.S. (2 How.) 497, 11 L.Ed. 353 (1844).

7. "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he

[or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original).

has no real connection to the claim against the nondiverse defendant.

*Triggs,* 154 F.3d at 1287.

▉ Moreover, the defendant bears the burden of proving fraudulent joinder. *See Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997) (citation omitted). This burden on the defendant is a "heavy one." It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See id.* If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *See Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983).[8] In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant." *See Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553,1561 (11th Cir.1989).

Defendants assert only the first type of fraudulent joinder. Specifically, they argue that there is no possibility that Plaintiff can establish a cause of action against Adams because she is not a proper defendant for Plaintiff's breach of contract claim and the statute of limitations bars his fraud claims. The court now turns to Plaintiff's claims.

### 2. Breach of Contract

▉ Plaintiff brings a claim for breach of contract against Adams. The contract in this case, however, is between Plaintiff and Life of Georgia—the insurer and the insured. Adams, as the insurance agent, is not a party to the insurance contract. *See Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.,* 551 So.2d 283, 285 (Ala. 1989). Thus, Adams is not a proper defendant for Plaintiff's breach of contract claim. *See Bullock v. United Benefit Ins. Co.,* 165 F.Supp.2d 1255, 1257 (finding that insurance agent is not proper defendant for breach of contract claim by insured). Accordingly, the court finds that there is no possibility that Plaintiff can establish a breach of contract claim against Defendant Adams.

### 3. Fraud Claims

▉ Plaintiff also asserts claims of fraud and fraudulent suppression against Adams stemming from his 1984 purchase of insurance. Defendants respond that Plaintiff cannot sustain his fraud and fraudulent suppression claims against Adams because the statute of limitations has expired. Defendants argue that in accordance with *Foremost Ins. Co. v. Parham,* 693 So.2d 409 (Ala.1997), this court should determine as a matter of law that Plaintiff should have discovered the fraud or suppression, if any, when he purchased the Policy in 1984. Defendants further argue that if these fraud claims are time-barred, then there is no possibility that Plaintiff can establish a cause of action

---

**8.** It is important to note that the court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination' ... When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

against Adams, and the court should therefore find that Adams has been fraudulently joined.

This court has consistently held that "[i]f the only claims against a resident defendant are barred by the statute of limitations, then there 'is no possibility the plaintiff can establish a cause of action against the resident defendant.' In such a situation, the resident defendant is deemed to be fraudulently joined." *Bullock,* 165 F.Supp.2d at 1258. *See also Whitlock v. Jackson Nat'l Life Ins. Co.,* 32 F.Supp.2d 1286, 1290 (M.D.Ala.1998); *Levett v. Indep. Life & Acc. Ins. Co.,* 814 F.Supp. 1053, 1058 (M.D.Ala.1993). The statute of limitations for Plaintiff's fraud and fraudulent suppression claims are two years. *See* Ala.Code § § 6–2–3, 6–2–38 (*l,* n) (1975).

Here, because Plaintiff predicates liability on representations occurring at or around the date of purchase in 1984, the two year statute of limitations clearly had run on July 17, 2003, the date Plaintiff filed his Complaint. Under Alabama law, the only possibility for avoiding the statute of limitations bar on Plaintiff's fraud claims against Adams is if the statute is tolled. *See id.* However, this court finds, as Defendants argue, that the Supreme Court of Alabama's interpretation of the tolling provision has foreclosed that possibility. *See Foremost Ins. Co. v. Parham,* 693 So.2d 409, 421 (Ala.1997).

 The *Foremost* decision reestablished that the objective standard for determining the accrual date for a fraud claim imposes a duty to read documents received in connection with a particular transaction.[9] *Id.* at 421. Therefore, fraud claims accrue upon the earlier of: (1) actual discovery the alleged fraud; or (2) receipt of a document or contract alerting the plaintiff to the possibility of fraud, if the plaintiff could have read and understood such document and chose to ignore its written terms. *Id.*[10] The *Foremost* court held that, if applied retroactively to the plaintiff, who had not even completed

---

**9.** Plaintiff questions the application of the *Foremost* decision and relies on this court's decision in *Wright v. Metropolitan Life Ins.Co.,* 74 F.Supp.2d 1150 (M.D.Ala.1999) (Thompson, J.) (refraining from applying the *Foremost* standard) as support. In *Wright,* this court raised some concerns over the application of the *Foremost* standard:

> ... it must be remembered that the *Foremost* decision is a relatively recent decision, and there has not yet been a sufficient opportunity for the full development of the nuances that will surely follow based on factual scenarios that may prove sufficiently compelling to warrant qualifications and exceptions to some of the sweeping legal statements in the opinion.

*Id.* at 1154. However, since the *Wright* decision, this court, as well as the Supreme Court of Alabama, has appeared to adopt and uniformly maintain the application of the *Foremost* standard. *See Bullock v. United Benefit Ins. Co.,* 165 F.Supp.2d 1255, 1257 (M.D.Ala. 2001) (DeMent, J.); *Wright v. American General Life and Accident Ins. Co.,* 136 F.Supp.2d

1207, 1211 (M.D.Ala.2001) (Albritton, J.); *Brushwitz v. Ezell,* 757 So.2d 423, 429 (Ala. 2000); *Auto–Owners Ins. Co. v. Abston,* 822 So.2d 1187, 1194 (Ala.2001); *Alfa Life Ins. Corp. v. Green,* 2003 WL 22113937, *4 (Ala. 2003). Accordingly, this court finds that application of the *Foremost* standard is appropriate in this case.

**10.** The *Foremost* rule applies in cases of fraudulent misrepresentation, fraudulent suppression and negligent misrepresentation. *See Foremost,* 693 So.2d at 417 (involving fraudulent misrepresentation and fraudulent suppression); *Bullock,* 165 F.Supp.2d at 1258 (applying *Foremost* rule to claims based on all three theories); *Fowler v. Provident Life and Accident Ins. Co.,* 256 F.Supp.2d 1243 (N.D.Ala.2003) (applying *Foremost* rule to claims based on all three theories); *Whitlock v. Jackson Nat'l Life Ins. Co.,* 32 F.Supp.2d 1286, 1290 (M.D.Ala.1998) (applying *Foremost* rule to claims based on misrepresentation, fraud, negligence and wanton concealment).

high school, the objective reasonable reliance standard would require a finding that such a plaintiff should have discovered the alleged oral misrepresentations upon signing and receiving the sales documents. *Id.* at 422. Thus, the *Foremost* court concluded that, under the objective standard, plaintiff's claims of fraud would be barred if not filed within two years of the plaintiff's receipts of the policy. *Id.*

In the instant case, Plaintiff had in his possession documents which contradicted the alleged oral misrepresentations made by Adams and provided the information allegedly suppressed. Specifically, the Policy provides that "premiums [are] payable for [the] number of years shown," with the numbers of years shown being "57." (Doc. #8, Ex. A, pp. 1–3). Hence, since Plaintiff purchased the Policy when he was 43 years old, the Policy would not be "paid up" when Plaintiff turned 62 years old, but when he turned 100 years old. Even if this provision was not fully disclosed or explained to Plaintiff, he should have been on notice of the pertinent terms of the policy when he received it in 1984. As a result, Plaintiff's reliance on Adams' alleged representations to the contrary, or his reliance on facts allegedly suppressed by Adams, *after* he received the policy, was not reasonable.

■ However, the court must acknowledge that there are limitations on the *Foremost* rule. Under Alabama law, an individual is not capable of discovering a fraud or negligent misrepresentation by reading and understanding the terms of a contract if he or she is illiterate,[11] or if the underlying document is ambiguous, i.e., capable of more than one interpretation, and

thus hard to understand.[12] In this case, Plaintiff does not allege that he is illiterate, or otherwise unable to read the policy. Without evidence or argument to the contrary, it is entirely reasonable to presume that Plaintiff was capable of reading the policy in 1984 when it was issued. Therefore, the court finds that the limitations on the *Foremost* rule are inapplicable and maintains that Plaintiff became aware of the fraud allegedly committed, and the misrepresentations allegedly made, by Adams in 1984.

In sum, under the *Foremost* objective standard, Plaintiff should have discovered the possibility of fraud and misrepresentation in 1984 when he purchased the Policy, and the two year statute of limitations commenced running at that time. *See Auto–Owners Ins. Co. v. Abston,* 822 So.2d 1187, 1195 (Ala.2001) ("The limitations period begins to run when the plaintiff was privy to facts which would 'provoke inquiry in the mind of a [person] of reasonable prudence, and which, if followed up, would have led to the discovery of the fraud.' ") (citation omitted). As such, the statute of limitations for Plaintiff's fraud claims against Adams began running in 1984 and expired no later than 1986, which is more than seven years before Plaintiff filed this action. As a result, Plaintiff's claims against Adams are barred by the two year statute of limitations. *See Bullock,* 165 F.Supp.2d at 1258. Hence, the court finds that there is no possibility that Plaintiff can establish a cause of action against Adams. Accordingly, the court concludes that Adams has been fraudulenty joined and, disregarding the residency of Adams, the court determines that there is com-

---

**11.** *See Potter v. First Real Estate Co.,* 844 So.2d 540 (Ala.2002) ("It has long been settled law of this State that a party to a contract who is illiterate can allege fraud and thereby overcome the other party's reliance on the terms expressed in the contract.").

**12.** *See Ex parte Seabol,* 782 So.2d 212, 216–217 (Ala.2000) (finding that where underlying documents are not easily understood, plaintiff's reliance on oral representation concerning documents is reasonable).

plete diversity between Plaintiff and the remaining defendant, Life of Georgia.

### B. Amount in Controversy

In addition to complete diversity, the court must be satisfied that the amount in controversy requirement is met. In his Complaint, Plaintiff does not specify an amount of damages sought, other than "an amount to be awarded by a jury of [Defendants'] peers" (Compl.).[13] Because Plaintiff seeks an unspecified amount of damages, Defendants must only show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *Tapscott*, 77 F.3d at 1357. Upon careful review of the cases cited in Defendant Life of Georgia's Notice of Removal, the court finds that Defendants have sufficiently demonstrated that the amount in controversy requirement is satisfied. *See Bullock*, 165 F.Supp.2d at 1259. *See also Davis v. Franklin Life Ins. Co.*, 71 F.Supp.2d 1197, 1200 (M.D.Ala.1999); *Bolling v. Union Nat'l Life Ins. Co.*, 900 F.Supp. 400, 405 (M.D.Ala.1995). Consequently, the court finds no merit in Plaintiff's challenge to the jurisdiction of this court to hear this case.

### IV. CONCLUSION

For the reasons discussed above, it is the ORDER, JUDGMENT, and DECREE of this court that Plaintiff's Motion to Remand is DENIED.

It is further ORDERED that Defendant Betty Adams be and is hereby DISMISSED as a party to this action.

---

**13.** In his motion to remand, Plaintiff does not challenge Defendants' contention that the amount in controversy exceeds $75,000.00.