**Robert L. DAVIS, as Administrator of the ESTATE OF Robert L. DAVIS, Jr., et al., Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, et al., Defendants.**

No. 3:04–CV–1097–F.

United States District Court, M.D. Alabama, Eastern Division.

Jan. 25, 2005.

claim fails to state a claim and therefore would be futile).

Blaine Celone Stevens, Ozark, AL, for Plaintiff.

Anne M. Carter, L. Frank Coan, Jr., Robert D. Hays, King & Spalding LLP, Atlanta, GA, Charles Andrew Stewart, III, Angela Raines Rogers, Bradley Arant Rose & White, LLP, Montgomery, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

FULLER, Chief Judge.

This cause is now before the court on the motion to remand and motion to amend the Complaint filed by the Plaintiffs (Doc. #7). Defendant General Motors

Corporation opposes the motion to amend the Complaint on the basis that it will destroy diversity jurisdiction and contends that this court should retain subject matter jurisdiction over this case (Doc. # 10). For the reasons to be discussed, the court finds that the motion to amend the Complaint and motion to remand are due to be GRANTED.

## I. FACTUAL BACKGROUND

On October 8, 2004, this action was commenced by the plaintiffs, Robert L. Davis, as the administrator of the estate of Robert L. Davis, Junior, and Quincy Judkins (hereinafter "Plaintiffs") against the defendants General Motors Corporation (hereinafter "General Motors"), Cadillac Motor Company (hereinafter "Cadillac"), Eric Paul Lee (hereinafter "Lee") and unknown fictitious defendants in the Circuit Court of Macon County, Alabama. In their complaint, Plaintiffs allege the following facts.

On or about November 23, 2003, Defendant Lee was driving a 1999 Cadillac Escalade in Macon County, Alabama. Plaintiffs Quincy Judkins (hereinafter "Judkins") and Robert Lee Davis, Junior (hereinafter "Decedent Davis") were passengers in said vehicle when Lee lost control of the automobile. As a result of this loss of control, the vehicle rolled over and ejected all three occupants of the vehicle.[1] According to Plaintiffs, this event caused Plaintiff Judkins to suffer serious personal injuries and caused the death of Decedent Davis. Plaintiffs bring two claims pursuant to the Alabama Extended Manufacturers' Liability Doctrine against Defendants: one claim seeking punitive damages for the wrongful death of Decedent Davis, and the second claim seeking punitive and compensatory damages for the injuries of Plaintiff Judkins. No particular claim is made against Defendant Lee.

On November 12, 2004, Defendant General Motors filed its Answer in the Circuit Court of Macon County and removed this action to this court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction)[2] (Doc. # 1, Notice of Removal). In its Notice of Removal, General Motors argues that Plaintiffs fail to state a cause of action against Defendant Lee, the resident defendant, in their Complaint and further argue that Lee has been fraudulently joined (Doc. # 3).[3] Around a month later, on December 17, 2004, Plaintiffs filed a response in opposition to the Notice of Removal seeking remand of this action to state court on the basis that this court lacks subject matter jurisdiction because

1. According to the Complaint, Plaintiff Judkins was "ejected through the open right front passenger door" because of a faulty door latch on the vehicle, and Decedent Davis was "ejected through the rear windows" as a result of the deficient "rear tempered glass windows" (Compl. ¶s 14 & 15). Plaintiffs allege that Decedent Davis would not have been ejected from the vehicle if its rear windows were constructed of tempered laminate glass, not "simple tempered glass." (*Id.* at ¶ 16).

2. It is undisputed that Plaintiffs and Defendant Lee are citizens of Alabama, while Defendant General Motors is a Delaware corporation organized and existing under the laws of Delaware, with its principal place of business in Detroit, Michigan. There is a dispute regarding Defendant Cadillac. Plaintiffs allege that Defendant Cadillac is a Michigan corporation with its principal place of business in Detroit, Michigan (Doc. # 1, Compl. ¶ 5); but Defendant General Motors contends that Cadillac is a division of General Motors and is not a separate corporation (Doc. # 1, Notice of Removal, p. 2 n. 1).

3. The court notes that Plaintiffs' Complaint also lists as defendants several fictitious parties, the identity of which are not yet known to Plaintiffs. For purposes of removal, the court does not consider the citizenship of fictitious defendants in assessing complete diversity. *See* 28 U.S.C. § 1441(a); *Bullock v. United Benefit Ins. Co.,* 165 F.Supp.2d 1255 n. 1 (M.D.Ala.2001).

diversity of citizenship does not exist (Doc. # 7). Due to the action requested in this response, the court construes this document as a motion to remand. Further, in this same document, Plaintiffs also seek to amend the Complaint arguing that their claim for reckless and wanton conduct against Defendant Lee was merely "omitted from the original complaint in error" (Doc. # 7). Plaintiffs thus desire to amend their Complaint to add this omitted claim. On January 5, 2005, Defendant General Motors filed a response in opposition to the Plaintiffs' motions (Doc. # 10).

## II. STANDARD OF REVIEW

■ Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Comm.,* 719 F.2d 1072, 1076 (11th Cir.1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

## III. DISCUSSION

■ Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that this court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Defendant General Motors argues that removal was proper because the court has jurisdiction over this case due to diversity of citizenship. The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000.00, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 292 F.3d 1334, 1337 (11th Cir.2002).

From the Complaint it appears that there is not complete diversity of citizenship in this case because Defendant Lee and Plaintiffs are residents of Alabama. General Motors argues that, due to the fraudulent joinder, the court should disregard Lee's residency for purposes of diversity jurisdiction and conclude that complete diversity between the parties exists. *See, e.g., Owens v. Life Ins. Co. of Ga.,* 289 F.Supp.2d 1319, 1325 (M.D.Ala.2003); *Bullock v. United Benefit Ins. Co.,* 165 F.Supp.2d 1255, 1257 (M.D.Ala.2001) ("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship."). Thus, in order to determine whether complete diversity exists in this case, the court must address the issue of fraudulent joinder.

■ As the United States Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of

action against the resident (non-diverse) defendant [4] ... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts ... [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs*, 154 F.3d at 1287.

Moreover, the defendant bears the burden of proving fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citation omitted). This burden on the defendant is a "heavy one." It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See id.* If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983).[5] In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish *any* cause of action against

the resident defendant." *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,1561 (11th Cir.1989).

Defendant General Motors asserts only the first type of fraudulent joinder. Specifically, they argue that there is no possibility that Plaintiffs can establish a cause of action against Lee. General Motors notes that, although Lee is named as a defendant in Plaintiffs' Complaint, there is no specific claim against him. General Motors argues that the only claims explicitly discussed in the Complaint are the ones brought pursuant to the Alabama Extended Manufacturers' Liability Doctrine (hereinafter "AEMLD") and the AEMLD does not allow a claim against an individual defendant such as Lee. In response, Plaintiffs assert that they intended to file a claim against Lee for reckless and wanton conduct in their Complaint and maintain that such claim was simply omitted from the Complaint in error. Plaintiffs therefore seek to amend their Complaint to include such claim and assert that, once their Complaint is amended, complete diversity does not exist.

The court has carefully reviewed the Complaint and concludes that, although it contains no specific claims pled against Lee, Plaintiffs should have the ability to amend the Complaint to pursue their claims.[6] Federal Rule of Civil Proce-

---

4. "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original).

5. It is important to note that the court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440 (11th Cir.1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for

summary judgment under Fed.R.Civ.P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'... When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citations omitted).

6. General Motors argues that this court should apply the reasoned approach of 28 U.S.C. § 1447(e), the procedure applicable when the plaintiff, after removal, seeks to join additional defendants whose joinder would destroy subject matter jurisdiction. *See* 28

dure 15(a) provides that leave to amend "should be freely given when justice so requires." *See* Fed.R.Civ.P. 15(a). This court is satisfied that the aim of Plaintiffs' amendment was directed more toward the inclusion of proper claims against Lee, who is an existing non-diverse defendant named in the Complaint, rather than to the exclusion of federal jurisdiction by the introduction of a completely new non-diverse defendant.[7] As such, in the exercise of this court's discretion, Plaintiffs' motion to amend the Complaint is due to be granted.[8] In granting Plaintiffs' motion to amend their Complaint, complete diversity—arguably, to the extent it did not exist before—is now destroyed, and therefore the motion to remand is also due to be granted.

## IV. CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

(1) Plaintiffs' Motion to Amend the Complaint (Doc. # 7) is GRANTED.

(2) Plaintiffs' Motion to Remand (Doc. # 7) is GRANTED and this cause is hereby REMANDED to the Circuit Court of Macon County, Alabama.

(3) The Clerk is DIRECTED to take appropriate steps to effect the remand.

---

U.S.C. § 1447(e). The court declines to apply this approach under these facts because the issue is not so much the joinder of a wholly new party by Plaintiffs, but rather the amendment of Plaintiffs' Complaint to assert claims against Defendant Lee, an existing defendant. *See Town of Gordon v. Great American Ins. Co., Inc.* 331 F.Supp.2d 1357, 1360 (M.D.Ala. 2004) (declining to apply § 1447(e) analysis to case when issue was not joinder of new defendant, but assertion of new claims against third-party defendant).

7. Even if § 1447(e) was the appropriate analysis, the court would reach the same result for this reason.

8. Contrary to General Motor's argument, under the local rules of this court, the failure of a plaintiff to attach the proposed Amended Complaint to the motion to amend does not warrant denial of the motion. *See Local Rule 15.1.*